## 42540. McLEMORE v. THE STATE.
### (335 SE2d 558)

CLARKE, Justice.

This is a murder case in which a life sentence was imposed. We affirm.

The victim, Joseph Sloan, and Bob Zucker went to Azar's Liquor Store to purchase beer and cigarettes following a baseball game. Outside the liquor store they encountered appellant Jerome McLemore, Ruben Lawrence and Leroy Williams, who asked if Zucker and Sloan wanted some marijuana. The victim gave twenty dollars to Zucker. Zucker testified that appellant, Williams and Lawrence could see into the wallet as the victim removed the money. Zucker and Lawrence went to get marijuana. When they returned, Sloan had been shot. Appellant was tried and convicted of Sloan's murder.[1]

Lawrence testified that appellant suspected the victim and Zucker of being undercover agents and asked for identification. Lawrence stated that he thought appellant was acting strange, and Lawrence tried to get the victim to go with him when he and Zucker went to get the marijuana. Williams left for home when Lawrence and Zucker went for marijuana, leaving the victim and appellant at the liquor store. Shortly thereafter, according to Williams' testimony, a friend told him that appellant had shot and robbed Sloan. There was no objection to this testimony.

Clinton Dubose, an eyewitness to the shooting, observed appellant shoot Sloan. Leaving the store, Dubose heard a second shot, turned, and saw Sloan fall.

1. Appellant contends that the evidence was insufficient to support the verdict. We find the evidence sufficient to meet the test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error appellant argues that the court erred in denying his motion for new trial on the ground that the State did not reveal a deal between the State and Clinton Dubose. Appellant made a request for discovery pursuant to *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). He insists that

---

[1] The murder of Joseph Sloan occurred June 15, 1984. Appellant was indicted on August 17, 1984, and convicted and sentenced November 28, 1984. A motion for new trial was filed December 18, 1984, and overruled May 28, 1985. The transcript was certified March 20, 1985. The notice of appeal was filed June 27, 1985. The case was docketed in this court July 22, 1985, and submitted for opinion September 6, 1985.

under *Brady* and *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972), the deal between the State and Dubose should have been revealed. At the time of trial Dubose was on probation and under indictment for two counts of violation of the Georgia Controlled Substances Act. In December 1984, the indictment was put on the dead docket. Appellant argues that this was the result of a deal.

The murder of Joseph Sloan occurred in June 1984. Dubose was arrested in August for violation of the Controlled Substances Act. Dubose was indicted November 9 and testified at appellant's trial between November 26 and 28. Two days later, at Dubose's arraignment, his case was placed on the dead docket. According to testimony at a hearing on a motion for new trial, Kenneth Feldman, the public defender who handled the arraignment calendar at the time of Dubose's arraignment, was informed by the prosecutor that Dubose would be given a break because of his testifying in appellant's case.

The assistant district attorney who prosecuted appellant testified at the same hearing that he made no deal with Dubose. In fact, he told Dubose after his arrest that he would not be able to help him.

Dubose's testimony at trial corroborated the district attorney's assertion that there was no deal. The question of a deal was explored on cross-examination. According to all testimony, there was no appreciable difference between Dubose's trial testimony and his initial statement to police given prior to his arrest. Most importantly, the trial judge found after hearing on motion for new trial that there was no evidence that a deal had been made which influenced Dubose's testimony. A subsequent disposition of a witness' case does not alone prove the existence of a "deal." *Dickey v. State*, 240 Ga. 634 (242 SE2d 55) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 1985.

*Dennis R. Kruszewski,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.