S98A1325. DIXSON v. THE STATE.
(506 SE2d 128)

CARLEY, Justice.

A jury found Eddie James Dixson guilty of the malice murder of Lucille Hughes Smith. The trial court entered a judgment of conviction on the guilty verdict, and sentenced Dixson to life imprisonment. After the denial of his motion for new trial, Dixson filed this appeal.[1]

1. Dixson and Ms. Smith were in a relationship and, for some months prior to the homicide, he committed acts of abuse against her. On the night of the homicide, they both were at a club. When she refused to leave with him, he told a friend that "she's dead." Dixson left, and returned with a gun. A shot was fired, striking Ms. Smith's head and killing her. Dixson claimed that he only intended to scare Ms. Smith and that the gun fired accidentally. However, an expert in forensic pathology who conducted a post-mortem examination of the body testified that the gun was in direct or close contact to Ms. Smith's head when the shot was fired. From this evidence, a rational trier of fact was authorized to find proof of Dixson's guilt of the malice murder of Ms. Smith beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dixson moved unsuccessfully for a change of venue based upon the publication of several newspaper articles regarding the case. A motion for change of venue based upon excessive pretrial publicity invokes the trial court's discretion, and its ruling will not be disturbed absent an abuse of that discretion. *Happoldt v. State,* 267 Ga. 126, 128 (2) (475 SE2d 627) (1996). As the movant, Dixson had the burden of showing " '(1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. (Cit.)' [Cit.]" *Happoldt v. State,* supra at 128 (2). Compare *Jones v. State,*

---

[1] The homicide occurred on July 27, 1996. The grand jury indicted Dixson on September 10, 1996, and the jury found him guilty of malice murder on October 31, 1996. After allowing Dixson to file an out-of-time motion for new trial on July 10, 1997, the trial court denied that motion, as amended, on January 13, 1998. Dixson filed his notice of appeal on January 15, 1998, and the case was docketed in this Court on May 13, 1998. The appeal was submitted for decision on July 6, 1998.

261 Ga. 665, 666 (2) (409 SE2d 642) (1991) (death penalty case).

Insofar as the inherent prejudice of the venue is concerned, the trial court found that the pretrial publicity was factually correct, non-inflammatory and did not reflect an atmosphere of hostility. *Happoldt v. State*, supra at 128 (2); *Davis v. State*, 263 Ga. 5, 7 (5), fn. 2 (426 SE2d 844) (1993). There is nothing in the record which would authorize this Court to conclude that, in making this finding, the trial court abused its discretion.

As to actual prejudice, only one of the thirty-six prospective jurors was excused for cause based upon exposure to the pretrial publicity. All others who were aware of the newspaper articles were qualified to serve as jurors in the case, because each expressed an ability to be fair and to decide the case on the basis of the evidence presented. *Barnes v. State*, 269 Ga. 345, 351 (7) (496 SE2d 674) (1998). Under these circumstances, the trial court did not abuse its discretion in denying the motion for a change of venue. *Jenkins v. State*, 268 Ga. 468, 469 (2) (491 SE2d 54) (1997); *Happoldt v. State*, supra at 128 (2).

3. Dixson also asserts that the trial court should have granted his motion for a change of venue because the panel of prospective jurors was not representative of a cross-section of the community with regard to the factors of race and age. However, he cites no authority for the proposition that the remedy for such under-representation is a change of venue. It has long been recognized that if "the defendant wishes to object to the entire panel, his sole remedy is by written challenge to the array." *Williams v. State*, 31 Ga. App. 173 (3) (120 SE 131) (1923). The record is silent as to the race or age of the prospective jurors and as to the applicable race and age statistics for the community. Accordingly, even if Dixson had filed a procedurally proper challenge to the array, no reversible error would be shown.

4. Dixson urges that the trial court's preliminary instructions to the jury erroneously suggested that he had a burden to produce evidence of his innocence. However, a review of the transcript shows that Dixson did not raise a timely objection below. *Malone v. State*, 219 Ga. App. 728, 729 (2) (466 SE2d 645) (1995). Moreover, the charge given by the trial court at the end of the evidentiary phase of the case clearly informed the jury that Dixson had no burden of proving that he was innocent of the murder. Thus, error, if any, in the preliminary instruction was corrected satisfactorily. *Cochran v. State*, 256 Ga. 113, 115 (7) (344 SE2d 402) (1986).

5. In order to comply with Uniform Superior Court Rule 31 as construed in *Maxwell v. State*, 262 Ga. 73, 74 (2) (414 SE2d 470) (1992), the State gave notice and made a pretrial proffer of two instances of "prior difficulties" between Dixson and Ms. Smith.

Dixson enumerates as error the subsequent admission at trial of evidence of the two incidents. His contention is that the evidence was inadmissible because it did not comport in all respects with the details of the two incidents as presented in the State's pretrial proffer.

It does not appear that Dixson raised this objection in the trial court. Moreover, any deviation would be immaterial, since *Maxwell* has been overruled and there is no longer any requirement that the State make a pretrial proffer before presenting evidence of prior difficulties between the defendant and the victim. *Wall v. State*, 269 Ga. 506, 507 (2) (500 SE2d 904) (1998).

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

*Wall v. State*, supra at 509 (2). The evidence here showed that, within the fifteen-day period preceding the homicide, Dixson committed two separate physical assaults on Ms. Smith. This evidence was properly admitted as relevant to Dixson's guilt for the murder of Ms. Smith.

6. The trial court instructed the jury that the "prior difficulties" evidence was relevant to certain limited issues, including Dixson's course of conduct. Dixson enumerates this charge as error, urging that the two incidents involved only his acts of unarmed domestic violence and, thus, were not relevant to his alleged course of conduct on the night of the shooting. However, the relevant inquiry was whether the relationship between Dixson and Ms. Smith culminated in her murder at his hands. Therefore, the prior acts of domestic violence that he perpetrated against her during their relationship were relevant to his abusive course of conduct, even if those prior acts did not involve use of a deadly weapon. *Simmons v. State*, 266 Ga. 223, 225 (2) (b) (466 SE2d 205) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*John L. Strauss,* for appellant.
*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant*

*District Attorney, Thurbert E. Baker, Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.