## S98A1744. SPEAR v. THE STATE.
### (513 SE2d 489)

BENHAM, Chief Justice.

This appeal is from the conviction of Rodriguez Spear for malice murder and aggravated battery.[1] The evidence adduced at trial supported finding as facts the following. The victim was found beaten to death, the apparent instrument of the beating a brick found beside her body. In addition to injuries to the back of her head which were fatal, the victim had numerous lacerations and abrasions on her body

---

[8] See *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998); *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998).

[9] *Belt*, 269 Ga. at 765.

[1] The victim was killed on March 26, 1996, and Spear was indicted on July 10, 1996, for malice murder, felony murder (aggravated assault), felony murder (aggravated battery), aggravated assault, aggravated battery, and interference with government property. A jury trial on September 2-5, 1997, resulted in a verdict of guilty of malice murder, aggravated assault, and aggravated battery, the charge of interference with government property having been severed for a separate trial. The trial court deemed the aggravated assault count to merge into the aggravated battery count, and sentenced Spear to life imprisonment for murder and a consecutive term of 20 years for aggravated battery. Spear's motion for new trial, filed September 15, 1997, and amended, was denied on April 22, 1998. A notice of appeal was filed April 27, 1998; the appeal was docketed on July 31, 1998; and the case was submitted for decision on the briefs.

and face; her face was covered with blood; and her eyes, mouth, and nose were bruised and swollen. She had earlier been heard arguing with a man about money and sex, then had left with the man, going in the direction of the place where her body was found. A resident of an apartment outside which the victim was found called the police after finding her body while investigating a "thumping" sound that woke him around 4:30 a.m. He reported seeing a man walking away and described his clothing. Spear was stopped by police officers less than half an hour after the discovery of the body was reported, just over a mile away. His clothes matched those described and his hands and shirt were bloody. Spear denied involvement with the victim and claimed the blood was due to a fight with a person whom the police were subsequently unable to find. Spear was detained long enough for a blood sample to be drawn. On the day after the killing, Spear asked two women to call a Silent Witness hotline and give false tips regarding the killing. Spear later told the police that he had seen the victim after she was killed and had searched her body for money, getting her blood on him. The blood on him and his clothes was discovered to be both Spear's and the victim's. Cuts on his hands could have been made by the fingernail scissors found clutched in the victim's hand. The victim in this case was identified as a prostitute, and the State presented similar transaction evidence showing that, on a previous occasion, another prostitute went to Spear's residence to have sex, but a dispute arose concerning money, and Spear hit her in the head with a hammer.

1. "A conviction based on circumstantial evidence is authorized when every reasonable inference and hypothesis except that of guilt is excluded by the evidence. [Cit.]" *Mullins v. State*, 269 Ga. 157 (1) (496 SE2d 252) (1998). The evidence presented by the State in this case, viewed in the light most favorable to the jury's verdict, authorized the jury to find that every reasonable hypothesis except Spear's guilt was excluded (id.), and was sufficient to authorize a rational trier of fact to find Spear guilty beyond a reasonable doubt of malice murder and aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tedder v. State*, 265 Ga. 900 (6) (463 SE2d 697) (1995); *Penland v. State*, 229 Ga. 256 (1) (190 SE2d 900) (1972).

2. Spear's contention that the trial court improperly interfered with cross-examination of a police witness is not supported by the record. The transcript reveals that when the trial court questioned defense counsel about a line of inquiry which the trial court considered irrelevant, counsel assured the trial court that the line of inquiry had been completed and that counsel had no more questions on that subject. It is apparent, therefore, that the trial court did not prevent counsel from further inquiry and did not interfere with

cross-examination.

3. During closing argument, defense counsel argued that there was insufficient evidence to connect Spear to the victim, and said, "[Y]ou remember he gave fingernail clippings. And don't you think the State would certainly have put that in evidence . . . ." The State objected to that argument, bringing a ruling from the trial court that the defense could only comment on matters that were in evidence. On appeal, Spear contends that preventing counsel from arguing the inference that would arise from the failure of the State to produce evidence of blood or flesh under Spear's fingernails was an improper curtailment of closing argument.

In *Morgan v. State*, 267 Ga. 203 (4) (476 SE2d 747) (1996), we held that "defense and prosecuting counsel are equally able to comment on the failure of the other to present certain witnesses as long as that argument is derived from evidence properly before the factfinder," that is, if there is competent evidence before the jury that a missing witness has knowledge of material and relevant facts. Id. Here, however, there was no evidence before the fact-finder that fingernail clippings or scrapings were actually taken from Spear or that any clippings or scrapings had been tested. Spear's reliance on references to his consent to a search of his fingernails and blood as evidence before the fact-finder that a "search" of his fingernails occurred is misplaced. Those references establish only that permission was given for such a search, and do not establish that there existed any witness with knowledge of material and relevant facts regarding what was or was not under Spear's fingernails. Accordingly, we conclude that the trial court did not err in limiting defense counsel's argument to matters established by the evidence.

In connection with the same closing argument, Spear complains of two statements made by the prosecuting attorney in the course of objecting to the closing argument discussed above. When defense counsel remarked on the State's failure to produce evidence of fingernail scrapings, the prosecuting attorney objected, stating that defense counsel knew about the fingernail clippings, and was intentionally misleading the jury. On appeal, Spear contends that the prosecuting attorney's objection implied that the test showed the presence of blood under Spear's fingernails and that accusing defense counsel of intentionally misleading the jury amounted to prosecutorial misconduct.

As to the first contention, we do not agree that the prosecuting attorney's language was susceptible of the interpretation Spear now puts on it, that it implied blood was found under his fingernails. There was no reference in the State's objection to what the test showed, only a contention that defense counsel was aware of the status of that evidence, a contention which has not been shown to be

incorrect. As to the second contention, we note that if the State had misrepresented facts in drawing the conclusion that defense counsel's argument was intentionally misleading, there would be a valid concern about prosecutorial misconduct. See *West v. State*, 213 Ga. App. 362 (1) (a) (444 SE2d 398) (1994). However, the record demonstrates that the prosecuting attorney was correct about the state of the evidence before the jury, and that defense counsel ultimately admitted error in the course of a bench conference on the matter and apologized. While the language of the prosecuting attorney with regard to defense counsel's intent may have been stronger than appropriate under the circumstances, the State's objection was not subject to the complaints Spear makes against it on appeal.

4. Spear filed a motion in the trial court for a change of venue based on excessive pretrial publicity. At a hearing, Spear introduced copies of newspaper articles, a newspaper column, several political ads, and testimony concerning television newscasts. The trial court considered the evidence submitted and denied the motion, finding that the defense had not shown that the publicity had created an inherently prejudicial atmosphere in the community, and noting that the majority of the publicity centered around an election for a superior court seat and lasted only a few days. "A motion for change of venue based upon excessive pretrial publicity invokes the trial court's discretion, and its ruling will not be disturbed absent an abuse of that discretion." *Dixson v. State*, 269 Ga. 898 (2) (506 SE2d 128) (1998). Our review of the record persuades us to the trial court's view of the publicity and, accordingly, we find no abuse of the trial court's discretion in denying the motion for a change of venue.[2]

5. In 15 enumerations of error, Spear raises a series of issues the appellate review of which was waived for a variety of reasons: consideration of the denial of a motion for mistrial was waived by failing to renew the motion after curative instructions, *Ford v. State*, 269 Ga. 139 (3) (498 SE2d 58) (1998); review of the failure to give limiting instructions regarding independent act evidence was waived by failing to request it, *State v. Belt*, 269 Ga. 763 (505 SE2d 1) (1998); review of the admission of independent act evidence was waived by failing to object to the evidence when offered, *Smith v. State*, 268 Ga. 42 (3) (485 SE2d 189) (1997); review of jury charges was waived by failure to object or to reserve objections, *Bryant v. State*, 268 Ga. 33 (1) (485 SE2d 763) (1997); review of the admission of evidence put-

---

[2] The trial court noted in its order the bipartite nature of the inquiry regarding the effect of publicity on the right to a fair trial (see *Dixson*, supra), and specifically noted that the defense could renew the motion after voir dire. The record does not reflect that the issue of venue was raised again, so there is nothing for this Court to consider with regard to the question of actual prejudice on the part of jurors.

ting Spear's character in issue was waived by failing to object, *Ford v. State*, 256 Ga. 375 (6) (349 SE2d 361) (1986); review of an allegedly improper opening statement was waived by failing to object, *Burgeson v. State*, 267 Ga. 102 (4) (475 SE2d 580) (1996); review of allegedly improper closing argument was waived by failing to object, *Metts v. State*, 270 Ga. 481 (4) (511 SE2d 508) (1999); and any error in the lack of arraignment was waived by Spear's failure to raise the issue prior to verdict. *Frazier v. State*, 204 Ga. App. 795 (420 SE2d 824) (1992).

Related to those waivers is Spear's final enumeration of error in which he complains that defense counsel rendered ineffective assistance of counsel. He specifies eight instances in which he contends that defense counsel's failure to preserve an issue for appellate review constituted ineffective assistance of counsel requiring a reversal of his convictions. However, of those eight instances, only two were raised at the hearing on Spear's motion for new trial in support of his claim of ineffective assistance of defense counsel at trial. The contentions of ineffectiveness not raised on motion for new trial by counsel appointed to represent Spear after conviction are waived. *Bagwell v. State*, 270 Ga. 175 (1) (508 SE2d 385) (1998).

With regard to the remaining contentions of ineffectiveness, we note the following standard:

> To be successful with . . . claims of ineffectiveness of trial counsel, [one] must demonstrate that [the] attorney's performance was deficient and that the deficiency prejudiced [the] defense . . . [and one must] overcome the strong presumption that counsel's performance was within a wide range of professional conduct and that counsel's decisions were the result of reasonable professional judgment, the reasonableness of which is viewed at the time of trial and under the particular circumstances of the case. [Cits.]

Id. at 176.

The first of the contentions of ineffectiveness properly preserved for appeal is that trial counsel's performance was defective in that she did not object to evidence putting Spear's character in issue. The evidence at question was a statement Spear gave the police while in custody, and cross-examination of Spear concerning that statement. In the statement, Spear spoke of his anger toward his sister for being a prostitute and of his own negative experience with prostitutes. Since the victim was a prostitute, that evidence was relevant to Spear's motive for the killing and was admissible notwithstanding it put his character at issue. *Mize v. State*, 269 Ga. 646 (3) (501 SE2d 219) (1998). Since the evidence was admissible for that purpose,

counsel's failure to object was not ineffectiveness. *Bagwell,* supra, Division 1 (c).

The second claim of ineffectiveness preserved for appeal was that counsel failed to object to a restriction on closing argument. Since we concluded in Division 3, supra, that there was no error in restricting counsel to arguing matters established by the evidence, counsel's failure to object cannot be considered deficient performance. Accordingly, we conclude that Spear has not demonstrated on appeal that he received ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 1999.

*C. Jackson Burch,* for appellant.

*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.