S99A1058. McWHORTER v. THE STATE.
(519 SE2d 903)

HUNSTEIN, Justice.

Rodney McWhorter was convicted in Elbert County of the shooting deaths of Stanley Jarrells and Lakeisha Gordon and armed robbery. He was sentenced to two consecutive terms of life imprisonment for the murders and a consecutive twenty-year term of imprisonment for the armed robbery.[1] He appeals and we affirm.

1. Viewed to support the verdict, the evidence at trial established that McWhorter, the victims Jarrells and Gordon, and Jarrells' cousin drove from Athens to Elberton in order to sell drugs. Jarrells and Gordon secured a room at the Jolise Inn and McWhorter secured a room at another motel. The bodies were discovered the next afternoon by a Jolise Inn maid. The room showed no signs that an altercation had taken place. Clothing belonging to both the victims was strewn on the floor, but the police were unable to locate Jarrells' pants. After the murders, witnesses observed McWhorter display a large sum of money and a bag of drugs which belonged to Jarrells. McWhorter bragged that his crimes would appear in the media and stated that he did not desire to kill Gordon, but he could not leave the "girl" as a witness.

The evidence adduced was sufficient to enable a rational trier of fact to find McWhorter guilty of the murders and armed robbery

---

[1] The murders occurred on September 13-14, 1996. McWhorter was indicted in Elbert County on January 23, 1997. He was found guilty of both murders and armed robbery on June 19, 1997 and was sentenced the following day. His motion for a new trial was filed July 18, 1997, amended on April 28, 1998 and denied February 16, 1999. His notice of appeal was filed March 12, 1999 and the appeal was docketed in this Court on April 16, 1999. It was submitted for decision without oral argument.

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of McWhorter's motion to change venue. Applying the two-prong inquiry to the change of venue request, our review of the record reveals that McWhorter failed to show that pre-trial publicity rendered the atmosphere of the community so inherently prejudicial that he could not receive a fair trial. *Happoldt v. State*, 267 Ga. 126 (2) (475 SE2d 627) (1996). McWhorter has also failed to demonstrate that he could not receive a fair trial due to the prejudice of individual jurors. The voir dire transcript reveals that while virtually all venire members were familiar with the case, only five jurors were excused for cause for having a fixed opinion about McWhorter's guilt. The remaining prospective jurors who had been exposed to pre-trial publicity about the case indicated they could render a decision based on the evidence. *Dixson v. State*, 269 Ga. 898 (2) (506 SE2d 128) (1998).

3. Prior to trial, McWhorter moved the court to compel the State to reveal any deal made with a key prosecution witness as required by *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) and now complains that the prosecutor failed to reveal a deal he made with a key witness. At trial the witness denied that she had entered into a deal with the prosecutor in exchange for her testimony. During the hearing on the motion for new trial, the prosecutor similarly denied that any deal had been made with the witness and explained that although he had initially promised to assist the witness in relocating if her safety became a problem, that agreement soured when the witness refused to voluntarily testify, but rather had to be arrested under a material witness warrant and had to be kept at a motel under guard. The prosecutor further testified that he had no knowledge why the criminal charges pending against the witness in Clarke County were dismissed two years after McWhorter's trial.

> [T]estimony at trial corroborated the district attorney's assertion that there was no deal. The question of a deal was explored on cross-examination . . . . [T]here was no appreciable difference between [the witness'] trial testimony and [her] initial statement to police . . . . Most importantly, the trial judge found after hearing on motion for new trial that there was no evidence that a deal had been made . . . . A subsequent disposition of a witness' case does not alone prove the existence of a "deal." [Cit.]

*McLemore v. State*, 255 Ga. 107, 108 (335 SE2d 558) (1985). The trial court, by denying the motion for new trial, implicitly concluded that

no agreement existed which was required to be disclosed under *Giglio. Jolley v. State*, 254 Ga. 624 (5) (331 SE2d 516) (1985). Having reviewed the trial transcript and the transcript of the motion for new trial, especially the evidence which shows that the witness' presence at trial was secured against her will, we find that the prosecutor did not enter into a deal with the witness in exchange for her testimony and find no due process violation. Id.

4. McWhorter's counsel elicited testimony from the key witness that she went into hiding after the State summoned her to testify at McWhorter's trial. On redirect examination the witness explained she hid because "ever since [the statement got out], people have been calling my house, telling me that if I testified against Rodney that they would kill me, my mother, or my children." The trial court gave an instruction limiting the admission of her testimony to explain her conduct. We find no error. McWhorter's question as to why the witness had gone into hiding opened the door to the inquiry about the existence of the threats and the explanation for her conduct which followed the threats. *Azizi v. State*, 270 Ga. 709 (4) (512 SE2d 622) (1999); *Holmes v. State*, 266 Ga. 530 (2) (468 SE2d 357) (1996).

5. McWhorter's assertion that a *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) violation occurred when the State failed to disclose the possibility that the key to the motel room where the murders occurred was missing, is similarly without merit. Pretermitting whether the State actually possessed information about a stolen key, it is undisputed that McWhorter was aware of this information at least one week prior to trial. Because McWhorter has failed to show that any earlier disclosure would have benefited him and that he was deprived of a fair trial by the lack of disclosure, this enumeration provides no basis for reversal. *Burgeson v. State*, 267 Ga. 102 (2) (475 SE2d 580) (1996); *Dennard v. State*, 263 Ga. 453 (4) (435 SE2d 26) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*E. Mayes Davison, Billy I. Daughtry, Jr.,* for appellant.

*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.