A02A2423. SCIESZKA v. THE STATE.
(578 SE2d 149)

ADAMS, Judge.

John Alexander Scieszka was convicted on seventeen counts arising from attacks on five different women in the Five Points area of Athens, Georgia. He appeals following the trial court's denial of his amended motion for new trial. We affirm for the reasons set forth below.

1. Scieszka first asserts that the trial court abused its discretion by requiring him to wear a stun belt throughout the trial without any finding of necessity for such a measure. He asserts that wearing the stun belt interfered with his right to participate in his defense.

---

As an initial matter, we note that there is nothing in the record indicating that it was the trial court that required Scieszka to wear the stun belt. Scieszka's trial attorney never objected to the belt or otherwise brought the matter to the trial court's attention, and there was accordingly no ruling on the matter by the court.

Moreover, the record does not contain any evidence that Scieszka was harmed by the use of the stun belt at trial. There is nothing in the record to indicate that the belt was visible to the jury, thus potentially prejudicing him in the jurors' eyes. And although he claims that the belt inhibited his ability to participate in his defense, there is nothing in the record to support this assertion. The only evidence on the point at the hearing on the motion for new trial was hearsay testimony from Scieszka's trial attorneys that he said the belt was uncomfortable. One attorney also stated that Scieszka was required to sit rigidly during trial, but neither attorney stated that it interfered with client communications. Scieszka did not testify at the hearing.

Our Supreme Court has held that the use "of a remedial electronic security measure" is permissible where it is shielded from the jury's view and where there is no evidence that defendant was harmed by its use. *Young v. State*, 269 Ga. 478, 479 (2) (499 SE2d 60) (1998). In the *Young* case, the court found that there was nothing in the record to show that the use of such an electronic device was "so inherently prejudicial as to pose an unacceptable threat to his right to a fair trial." (Citation and punctuation omitted.) Id. In another case, the Supreme Court rejected the defendant's argument regarding the use of a stun belt, finding that there was "nothing in the record to support [the defendant's] contention that the device [(although not visible to the jury)] nonetheless had a detrimental psychological effect on his ability to participate in the trial." *Brown v. State*, 268 Ga. 354, 359-360 (7) (490 SE2d 75) (1997). And in *Stanford v. State*, 272 Ga. 267, 271 (8) (528 SE2d 246) (2000), the court again found no merit to the defendant's arguments regarding the use of an electronic security device because he failed to object to the device and because it was not visible to the jury.

Scieszka's argument must similarly fail because he raised no objection to the use of the stun belt and thus did not obtain a ruling from the trial court on the issue. Moreover, the record is devoid of any evidence of harm or prejudice arising from the use of the stun belt at his trial.

And contrary to Scieszka's assertion, the recent opinion by the Eleventh Circuit Court of Appeals in *United States v. Durham*, 287 F3d 1297 (11th Cir. 2002), does not require a different result. In *Durham*, the Eleventh Circuit expressed serious concerns regarding the use of these devices and their effect on a defendant's ability to par-

ticipate in his defense. Id. at 1305-1306. Nevertheless, the defendant in that case had filed a motion seeking to prohibit the stun belt's use, and the district court had ruled that the device could be used in light of the defendant's history of escape attempts. Id. at 1302-1303. The Eleventh Circuit remanded the case, requiring the district court to make factual findings regarding the use of the stun belt and to consider on the record the use of less restrictive alternatives. Id. at 1307-1309. Thus, *Durham* is distinguishable from this case because the use of the stun belt in that case was court-sanctioned, following the defendant's objection.

2. Scieszka further asserts that his trial attorneys were ineffective in failing to object to the use of the stun belt, but Scieszka did not raise this argument below. Although he asserted that his trial counsel were ineffective on several other enumerated grounds, he did not raise an ineffective assistance of counsel claim in connection with the stun belt. It is well settled that the arguments underlying a claim for ineffective assistance of counsel must be raised before appeal at the first opportunity, usually on motion for new trial, and "the failure to seize that opportunity is a procedural bar to raising that issue at a later time." *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

But even if Scieszka had properly preserved this argument for appeal, however, we find that he could not establish ineffective assistance of counsel on the record before us. In determining whether a defendant received ineffective assistance of counsel, the appellate courts apply "the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the convicted defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense." (Citation omitted.) *Carr v. State*, 275 Ga. 185, 187 (5) (563 SE2d 850) (2002).

Even assuming, without deciding, that Scieszka could meet the first prong of the *Strickland* test, we find that he cannot meet the second prong. Under that prong, the standard is whether a defendant has shown that there is "a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation omitted.) *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). As discussed in Division 1 above, there is no evidence in the record that the stun belt in any way prejudiced his defense or affected the outcome of his trial. First, there is no evidence on the record regarding how the device worn by Scieszka operated. Second, neither Scieszka nor his trial attorneys testified at the hearing on the motion for new trial as to any difficulties in communication or that Scieszka had difficulty following the proceedings. Thus,

Scieszka cannot carry his burden of establishing a reasonable probability that but for his attorneys' failure to object to the use of the stun belt, the outcome of his trial would have been different.

3. Scieszka also contends that the trial court erred in moving the trial to Hall County, instead of changing the venue to some more distant county. He asserts that Hall County was subject to the same prejudicial publicity as Clarke County.

Scieszka filed a motion to change the venue of his trial from Clarke County, citing the extensive pre-trial publicity and strong community interest in the case. At the hearing on the motion, the state did not object to a change of venue, but proposed that the trial be moved to either Hall County or Gwinnett County. While his trial attorney suggested Chatham County as a more appropriate venue, she never raised an objection to Hall County, and, in fact, stated that she would prefer it over Gwinnett County. There is nothing in the record to indicate that Scieszka's counsel ever objected to the trial court's decision to change the venue to Hall County. Indeed, Scieszka's amended motion for new trial enumerates his trial counsel's failure to oppose the change of venue in Hall County as a ground for his claim of ineffective assistance of counsel, although he does not urge that ground on appeal. We also note that he failed to raise his argument that the trial court erred in changing the venue to Hall County in his motions for new trial, and only raises it for the first time on appeal.

Pretermitting the issue of whether Scieszka preserved this error for appeal, we find that he cannot establish that the trial court abused its discretion in changing the venue to Hall County.

> The trial court has the discretion to grant a change of venue and its discretion will not be disturbed absent an abuse of that discretion. In a motion for a change of venue, the petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible.

(Citation and punctuation omitted.) *Eckman v. State*, 274 Ga. 63, 68 (4) (548 SE2d 310) (2001). See also *McWhorter v. State*, 271 Ga. 461, 462 (2) (519 SE2d 903) (1999).

Although twenty-eight of the forty-seven prospective jurors testified that they had been exposed to some kind of pre-trial publicity regarding the case, all but one, who was excused for cause, indicated that they could decide the case fairly and impartially based upon the evidence. Moreover, only two of those twenty-eight jurors testified that they had heard any significant details other than the fact that

the crimes had occurred, that someone had been arrested, or that the venue was being moved to Hall County. One of those two jurors had read information regarding Scieszka's prior criminal history, and the other heard on the radio that there was DNA evidence linking Scieszka to the crimes, which he believed would influence his decision in the case. Scieszka's attorney challenged those two jurors for cause, and her challenges were granted.

Accordingly, we cannot say Scieszka has established that the trial court abused its discretion in moving the case to Hall County because he:

> (1) made no showing that the setting of the trial was inherently prejudicial, i.e., that any publicity was factually incorrect, inflammatory, or reflective of an atmosphere of hostility; and (2) failed to demonstrate that he could not receive a fair trial due to the prejudice of individual jurors since [only two] potential jurors [were challenged for cause based upon pre-trial publicity, which challenges were successful,] and the remaining prospective jurors who had been exposed to pre-trial publicity about the case indicated they could render a decision based on the evidence.

(Citations and punctuation omitted.) *Morgan v. State*, 276 Ga. 72, 75 (4) (575 SE2d 468) (2003). See also *McWhorter v. State*, 271 Ga. at 462 (2).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 6, 2003.

*McArthur & McArthur, John J. McArthur*, for appellant.
*Kenneth W. Mauldin, District Attorney*, for appellee.

