A03A1142. ALLEN v. THE STATE.
(587 SE2d 833)

SMITH, Chief Judge.
Donald Andrew Allen was found guilty by a jury of two counts of aggravated child molestation and three counts of child molestation. His motion for new trial was denied, and this appeal ensued. Allen raises two enumerations of error, contending that the trial court erred in ruling that he forfeited his right to open and conclude closing argument and alleging that his trial counsel was ineffective in seven respects. Because we find that the trial court correctly concluded that Allen forfeited his right to open and close and because Allen failed to preserve either of these contentions for appeal, we affirm his convictions.

The victim in this case was Allen's stepgranddaughter, who was 16 years of age at the time of trial. She reported to several individuals and testified at trial that Allen had been molesting her since she was eight or nine years old. During the State's case-in-chief, the prosecutor showed a detective sergeant with the Newnan Police Department a Mother's Day card the victim had sent to her grandmother, Allen's wife. The detective indicated that he found the card, which was signed with love from the victim, on a coffee table at Allen's

home. He testified that he took the card with the grandmother's permission, because "it seemed to have some bearing on the situation we were investigating." On cross-examination, Allen's counsel first questioned the detective about the card's relevance to the case. Although nothing had been brought out on direct examination about the handwritten note on the card, the detective testified on cross-examination that it was his belief that the handwritten note indicated that the victim was sorry she said anything. Defense counsel then simply read aloud the entire handwritten note in the card with the exception of the signature line and then used the note to question the witness regarding what it may have shown regarding the victim's truthfulness.

Even though the card had been marked by the State for identification prior to showing it to the witness, neither the State nor the defense tendered the card into evidence. Allen testified in his own defense but did not present any other witnesses. The reading of the entire handwritten note on the card formed the basis of the trial court's ruling that Allen had forfeited his right to open and conclude the closing arguments.

1. When the trial court made its ruling, Allen made no objection. In fact, before making the ruling the trial court asked Allen's counsel if he wished to be heard, and his response was "well, I won't say anything." Allen's counsel later made what appears to be a vague argument that a greeting card cannot be considered evidence because of its brevity, but the argument came during the course of a discussion between counsel and the court. It is clear that when the trial court made its ruling, defense counsel said nothing. This constituted a waiver of Allen's right to challenge the trial court's ruling. It is well established that one "cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later. [Cit.]" *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979). The right to open and conclude closing argument "is waived by failure to make a timely objection at trial." (Citations and punctuation omitted.) *Williams v. State*, 236 Ga. App. 351, 355 (2) (511 SE2d 910) (1999).

Moreover, even had Allen preserved this issue for appeal by objecting to the trial court's ruling, his reading of the note constituted the presentation of evidence, causing forfeiture of his right to open and conclude closing argument.

Which party is entitled to open and close is oftentimes unclear, based on whether or not any admissible testimony or documentary evidence has been introduced by the accused. It is beyond question in this state that where an accused offers no testimony or evidence into the trial of a

case, other than his own testimony, he has the right to the opening and closing arguments.

*Scott*, supra at 234. A defendant may also introduce evidence for impeachment purposes without forfeiting the right to open and close. See *Smith v. State*, 272 Ga. 874, 876-878 (3) (536 SE2d 514) (2000). In *Aldridge v. State*, 237 Ga. App. 209, 214 (6) (515 SE2d 397) (1999), this court held that reading to the jury only portions of two documents not formally tendered as evidence constituted a waiver of the defendant's right to open and conclude. See also *Kennebrew v. State*, 267 Ga. 400, 403-404 (480 SE2d 1) (1996) (witness's tape-recorded statement played for jury by defense was introduction of evidence even though not formally tendered). "Presenting the documents' contents to the jury was 'the equivalent of a formal tender of evidence divesting [the defendant] of the right to open and close final arguments.' [Cits.]" *Aldridge*, supra at 214 (6). Referring to the decision in *Kennebrew*, supra, this court stated in *Aldridge*:

> As the Supreme Court recently explained, it does not matter that the evidence was not formally tendered or was presented on cross-examination or for impeachment purposes because under OCGA § 17-8-71, courts must inquire whether evidence other than the oral testimony of a criminal defendant is "introduced," not the purpose for which the evidence was offered. The Supreme Court's holding was meant to prevent a defendant from circumventing OCGA § 17-8-71 by presenting evidence in informal or unorthodox ways and then attempting to retain the right to open and close final arguments simply by failing to make a formal motion for the introduction of the evidence. A defendant cannot be permitted to present evidence to the jury which should otherwise be formally offered.

(Citations and punctuation omitted.) Id. at 214-215.

Here, the State's witness made no statement inconsistent with a prior statement. He made no mention of the note on the card or his interpretation of it. On the contrary, with the reading of the handwritten note Allen introduced his view of evidence not previously brought out by the prosecution. Under the guise of cross-examination, Allen was able to introduce his theory that the victim later regretted reporting the molestation because her allegations were not true. Under these circumstances, the trial court did not err in ruling that Allen had lost the right to open and conclude closing argument. *Smith*, supra at 878 (3).

2. Similarly, Allen's contention that his trial attorney was ineffective was not preserved for review. Allen was represented at trial by retained counsel. New counsel was appointed for Allen after his conviction. The issue of the ineffectiveness of Allen's trial counsel was raised in general terms in the written motion filed by new counsel, but the incidents alleged on appeal as examples of ineffectiveness were not raised below. Trial counsel testified at the hearing on the motion for new trial. He was questioned, however, only about the issue addressed in Division 1. And although new counsel raised an issue regarding venue in his argument at the end of the hearing, the issue of ineffective assistance of counsel was neither raised nor argued. Nor did the trial court address the issue of ineffectiveness of trial counsel in the order denying the motion for new trial. "To preserve an issue of ineffective assistance, the issue must be raised at the first possible stage of post-conviction review or the issue is waived." (Footnote omitted.) *Ray v. State*, 253 Ga. App. 626, 627 (3) (560 SE2d 54) (2002).

In *Spear v. State*, 270 Ga. 628 (513 SE2d 489) (1999), the Supreme Court of Georgia addressed a very similar issue. On appeal, the defendant alleged eight instances of alleged ineffective assistance of trial counsel, but only two of those instances had been raised at the hearing on his motion for new trial. The Supreme Court held that "[t]he contentions of ineffectiveness not raised on motion for new trial by counsel appointed to represent [Allen] after conviction are waived. [Cit.]" Id. at 632 (5). The same is true here. Because this issue was not preserved for review, we cannot consider it. Id.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 24, 2003.

*Fanning & Hudson, Steven E. Fanning*, for appellant.
*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.