### A08A1383. CARROLL v. THE STATE.
(665 SE2d 883)

BLACKBURN, Presiding Judge.

Following a jury trial, Larry Carroll was convicted on one count of aggravated sexual battery[1] and two counts of child molestation.[2] He appeals his convictions and the denial of his motion for new trial, arguing that his trial counsel provided ineffective assistance of counsel (i) by not moving for a mistrial after the jury heard inadmissible evidence that Carroll had sexually abused another family member and (ii) by not objecting when one of the State's witnesses provided testimony that allegedly bolstered the victim's credibility. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[3] the evidence shows that in November 2003, then nine-year-old A. M. confided to her mother that Carroll (A. M.'s stepgrandfather) had put his finger in her privates and had masturbated in front of her. That same day, A. M.'s mother and her aunt reported Carroll's sexual abuse to the police and brought A. M. to the police station, where she was interviewed by police and an employee with the Department of Family and Children Services (DFACS). During the interview, A. M. repeated her account of how Carroll fondled her privates, penetrated her privates with his finger, and masturbated in front of her.

Carroll was indicted on one count of aggravated sexual battery and on three counts of child molestation. At trial, A. M. testified regarding Carroll's sexual abuse of her, and her mother testified regarding A. M.'s outcry. The State also offered the testimony of the police and the DFACS employee who interviewed A. M. In addition, Carroll called several witnesses to testify in his defense. At the trial's conclusion, Carroll was convicted on one count of aggravated sexual battery and on two counts of child molestation. He was sentenced to 40 years with 20 years to serve. Thereafter, Carroll obtained new counsel and filed a motion for a new trial, alleging ineffective assistance of counsel. After a hearing, the trial court denied Carroll's motion for a new trial, giving rise to this appeal.

Carroll contends that the trial court erred in denying his claim

---

[1] OCGA § 16-6-22.2 (b).
[2] OCGA § 16-6-4 (a).
[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

of ineffective assistance of counsel. Specifically, he argues that trial counsel provided ineffective assistance (i) by not moving for a mistrial after the jury heard inadmissible evidence that Carroll had sexually abused another family member and (ii) by not objecting when a witness for the State allegedly bolstered A. M.'s credibility. To establish ineffective assistance under *Strickland v. Washington*,[4] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Mency v. State*.[5] "Making that showing requires that [Carroll] rebut the strong presumption that [his] lawyer's conduct falls within a wide range of reasonable professional assistance." *Simpson v. State*.[6] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State*.[7]

1. Carroll contends that he received ineffective assistance because trial counsel did not move for a mistrial after the jury heard inadmissible evidence that Carroll had sexually abused another family member. We disagree.

Prior to trial, Carroll successfully moved in limine to prohibit any testimony that he had committed previous acts of sexual abuse against other family members. At trial, the State's prosecutor asked A. M.'s mother what prompted her to bring A. M. to the police and to report Carroll's sexual abuse of her daughter. A. M.'s mother responded that A. M. opened up about the abuse by saying, "something about her Pawpaw was messing with her cousin. . . ." Carroll's trial counsel objected and asked for permission to approach. A bench conference ensued to discuss the fact that the trial court's ruling on Carroll's motion in limine precluded such testimony and to discuss what corrective measures to take. Subsequently, the trial court removed the jury and instructed A. M.'s mother not to mention any allegations against Carroll, excepting those involving A. M. The trial court also reminded the State's prosecutor that introducing other allegations against Carroll was prohibited. When the jury returned, the trial court gave the following curative instruction: "Ladies and gentlemen, if you would[,] just disregard the last question and answer that was asked."

---

[4] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).
[5] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).
[6] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).
[7] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

At the motion for new trial hearing, trial counsel testified that he considered but did not request a mistrial because he believed the trial was going well for Carroll and that any damage had been minimized by the court's curative instruction. Trial counsel also testified that he did not move for a mistrial to avoid "ring[ing] the bell" any louder by making a motion he believed would almost certainly be denied. "Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Abernathy v. State*.[8] "[C]ounsel's decision whether to move for a mistrial generally falls within the ambit of trial strategy, and we cannot say that counsel's decision fell outside the wide range of reasonable professional conduct." (Punctuation omitted.) *Berry v. State*.[9] Accordingly, the trial court did not clearly err in finding that Carroll failed to carry his burden of proving that his counsel performed deficiently.

2. Carroll also contends that his trial counsel provided ineffective assistance by failing to object when the State's DFACS witness gave testimony that allegedly bolstered A. M.'s credibility. However, Carroll's new counsel did not raise this specific allegation of ineffective assistance in either Carroll's motion for new trial or during the hearing on that motion. "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived." (Punctuation omitted.) *Godfrey v. State*.[10] See *Allen v. State*.[11] Accordingly, the trial court did not clearly err in denying Carroll's motion for new trial on the grounds of ineffective assistance of counsel.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 17, 2008.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[8] *Abernathy v. State*, 278 Ga. App. 574, 587 (3) (b) (v) (630 SE2d 421) (2006).
[9] *Berry v. State*, 262 Ga. App. 375, 377 (2) (c) (585 SE2d 679) (2003).
[10] *Godfrey v. State*, 274 Ga. App. 237, 240 (1) (d) (617 SE2d 213) (2005).
[11] *Allen v. State*, 263 Ga. App. 350, 353 (2) (587 SE2d 833) (2003).