A08A2092. ALLISON v. THE STATE.
(674 SE2d 639)

PHIPPS, Judge.
Byron Allison appeals his convictions on two counts of aggravated assault and one count of possession of a firearm during commission of a crime. He contends that after a state's witness testified that Allison had previously threatened to shoot her, the trial court erred in refusing to declare a mistrial or instruct the jury to disregard the witness's testimony. Because Allison opened the door to admission of this testimony, we find no error and affirm.

The state's witness was Melinda Morrissey, who had been residing with Allison at a DeKalb County motel. At the time of Allison's commission of the crimes of which he was convicted, he and Morrissey had been evicted from the motel and she had broken up with him. The motel room they had occupied was near another room being rented by Jareem Anderson, the victim of one of the aggravated assaults. The other victim was Timothy Jones, a friend of Anderson's. Apparently by reason of the proximity of the motel rooms, Anderson and Jones had become acquainted with Allison and Morrissey. Unbeknownst to Anderson, Allison, or Morrissey, Jones was making undercover drug buys at the time to avoid being sent to prison for drug offenses of which he had been convicted. Jones was using Morrissey to set up a "reverse sting" drug sale of $5,500 worth of cocaine to Allison, when, one night, Allison burst into Anderson's motel room, shot Anderson and Jones, and fled after demanding money.

In explanation of Allison's conduct, Morrissey testified on direct examination that on the night in question, Allison was upset because Morrissey had broken up with him. On the day of the shooting, Morrissey visited Allison at the motel room where he was then staying to return some of his clothing. He told her that he had neither money nor a place to stay that night, and he tried to talk her into resuming their relationship. Although she was unwilling to do that, she gave him a small amount of money and some crack cocaine. Morrissey testified that Allison then "indicated to me that he was about to do something stupid. That's all he said. He said . . . I'm about to do something stupid. And I told him not to."

On cross-examination, defense counsel asked Morrissey whether she believed that Allison's "saying something about him doing something stupid related to your breakup." She responded, "Yeah, I thought he was going to shoot me." Later on redirect examination, the prosecutor asked Morrissey whether Allison appeared normal or upset when she dropped off his clothes. Morrissey answered:

> He didn't want — he didn't want us to end. He thinks that we can work it out, you know. He always blamed the drugs. Which it probably was the drugs, why we couldn't make anything happen. And then he just said he was going to do something stupid. I personally thought he was going to shoot me, because at one time he did give me a bullet for a present and he told me if I ever left him that bullet would be in my head.

At that point, Allison objected and, outside the presence of the jury, asked the court either to declare a mistrial or instruct the jury

to disregard Morrissey's reference to Allison's prior threat to shoot her. The trial court refused to do either, ruling that Allison had opened the door to Morrissey's testimony, that the testimony as to Allison's prior conduct was relevant to his present intent, and that the probative value of the evidence outweighed its prejudicial effect.

In reliance on *Weems v. State*[1] and *Harris v. State*,[2] Allison argues that Morrissey's testimony improperly placed his character in issue. Allison's argument is without merit, because *Weems* and *Harris* are distinguishable. In *Weems*, the character of the defendant on trial for murder was improperly put in issue by the testimony of the investigating officer that the defendant appeared to be under the influence of drugs when the detective first questioned him about seven weeks after the homicide. Similarly, the character of the defendant on trial for drug possession in *Harris* was improperly put in issue by admission of evidence that on the day of his arrest he had appeared in court on a robbery charge. In neither *Weems* nor *Harris*, however, had the defendant done anything to open the door to admission of the character evidence.

Here, in contrast, while cross-examining Morrissey, defense counsel elicited testimony that she had interpreted Allison's statement that he was going to do something stupid as evidencing an intent to shoot her rather than to rob or assault others. That opened the door to Morrissey explaining on redirect examination that she thought he was going to shoot her because he had threatened to do so before. This case is thus more akin to *Flanders v. State*[3] and *Rowe v. State*,[4] the cases cited by the state, than to *Weems* and *Harris*. In the trial of a defendant for murder in *Flanders*, defense counsel's comment in opening statement, that the lead detective believed the incident was an accident, opened the door to the state asking the detective whether, in fact, that was his belief. In *Rowe*, where the trial court had refused to admit a videotape of a detective's interview of the defendant because the detective was not present at trial, defense counsel opened the door to admission of the videotape by examining the defendant concerning the detective's questioning of him.

Whether the probative value of Morrissey's testimony outweighed its prejudicial effect was a question addressing itself to the trial court's discretion. In striking the balance in favor of the

[1] 269 Ga. 577, 579-580 (3) (501 SE2d 806) (1998).
[2] 251 Ga. App. 879, 880-881 (3) (555 SE2d 485) (2001).
[3] 279 Ga. 35, 39-40 (7) (609 SE2d 346) (2005).
[4] 276 Ga. 800, 802-804 (2) (582 SE2d 119) (2003).

admissibility of the testimony and its proper consideration by the jury, the trial court did not abuse its discretion.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 3, 2009.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.