**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 15, 2014**

# In the Court of Appeals of Georgia

A14A1085. YORK v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Abdurraashiyd York was convicted of two counts of burglary of gas station convenience stores. York appeals, claiming that the trial court erred in denying his motion for a mistrial after one of his accomplices testified that she had been threatened by members of York's gang. But because York opened the door to such testimony, the trial court did not err in denying a mistrial.

At trial, Christina Craig, who had previously pled guilty to the two burglaries, testified for the prosecution that she drove York and another accomplice in her car to the burglarized stores, and that as they were fleeing from the scene of the second burglary they were pulled over by officers and arrested. On cross-examination, York's attorney questioned Craig about her role in the crimes and her plea bargain with the

state, and she testified that she had not driven York and his accomplice willingly. Defense counsel then asked her if a gun had been put to her head or if she had been threatened. She testified that a gun had not been pointed at her, but that she, her children and her mother had all been threatened. York's attorney asked if York had threatened her, and she testified, "I didn't necessarily say it was him, but I know it's people that he's connected to."

On redirect examination, the state asked Craig about where the threats had come from, and she testified that York is in a gang and the threats had been made by members of that gang. York's counsel moved for a mistrial. The trial court denied the motion, noting that the defense had questioned the witness' motives for testifying "and has brought up the threats, and I think the door has been opened."

"Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." *Gorman v. State*, 318 Ga. App. 535, 539 (3) (734 SE2d 263) (2012) (citations and punctuation omitted). Here, it is not apparent that a mistrial was essential to the preservation of the right to a fair trial.

2

As the trial court correctly noted, York's attorney attempted to undermine the witness' credibility by questioning her about her plea bargain and her role in the crimes, and thereby elicited the testimony that she had been threatened by people connected to York. This testimony elicited by the defense allowed the state to inquire further about the threats because "a defendant may not seek to exclude further details concerning the same area of inquiry he introduced." *Cantera v. State*, 304 Ga. App. 289, 292 (2) (696 SE2d 354) (2010) (citations and punctuation omitted). Indeed, "where, as here, a defendant opens the door to [a] line of questioning . . . , the prosecution has every right to pursue a thorough and sifting examination[.]" *Doyle v. State*, 291 Ga. 729, 733 (3) (733 SE2d 290) (2012) (citation omitted). Accordingly, because York "opened the door to the inquiry about the existence [and details] of the threats[,]" *McWhorter v. State*, 271 Ga. 461, 463 (4) (519 SE2d 903) (1999), the trial court did not abuse its discretion in denying a mistrial. See *Allison v. State*, 296 Ga. App. 379, 381(674 SE2d 639) (2009) (defense opened door to witness explaining on redirect examination that defendant had previously threatened her).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*