## A93A2273. FOSTER v. THE STATE.
(437 SE2d 872)

BIRDSONG, Presiding Judge.

Larry McDonald Foster appeals his conviction for shoplifting two videotapes at a K-Mart store.

Appellant asserts error in the denial of his plea in bar for lack of a speedy trial. He was arrested on June 26, 1991. In August 1991, the state court transferred the case to superior court on the basis that appellant had three prior shoplifting convictions. See OCGA § 16-8-14 (b) (1). In October 1991, the case was returned to state court because appellant had only two prior shoplifting convictions. No further action was taken until May 1993, when this accusation was filed. In June 1993, appellant filed this motion. *Held*:

1. The mere passage of time between arrest or indictment and trial does not constitute a denial of due process. *Wooten v. State*, 262 Ga. 876 (426 SE2d 852); *Hughes v. State*, 228 Ga. 593, 595 (187 SE2d 135). Under the standards in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) for determining a denial of due process for lack of speedy trial, appellant was not entitled to a dismissal of this charge.

The right to speedy trial is unique among constitutional rights because its deprivation can work to the advantage of the accused; failure to provide a speedy trial does not per se prejudice his ability to defend himself. *State v. Lively*, 155 Ga. App. 402, 403 (270 SE2d 812). The basis of the subjective balancing approach of *Barker* is that the defendant has some responsibility to assert a speedy trial claim

even though it is the State's duty to bring him to trial, and the defendant has a potential interest in either having a speedy trial or delaying any trial. *Lively*, supra at 404. There is no allegation of ineffective assistance of counsel here, so we can assume that appellant's failure to demand a trial was beneficial to him. *Washington v. State*, 243 Ga. 329, 333 (253 SE2d 719). Appellant was not incarcerated between his 1991 arrest and this 1993 trial. He could have demanded a trial at any time but he did not. Evidently he did not want to push a trial. He contends the State's failure to try him in two years caused him great anxiety and concern, but the anxiety and concern one would feel while waiting for trial of a criminal charge is not the sort of prejudice which will win him a dismissal. As to "prejudice" generally, see *Andrews v. State*, 175 Ga. App. 22, 25-26 (332 SE2d 299). Although appellant lived under a cloud of suspicion and anxiety for two years, he obviously preferred this to going to trial for it was in his power at any time to demand one. See *Hall v. Hopper*, 234 Ga. 625, 628 (216 SE2d 839), where the defendant was anxious for four years. The denial of the motion to dismiss and plea in bar was not error.

2. The trial court did not err in admitting the similar transaction evidence. The trial court held a hearing on the issue and made specific findings of relevance and competence of the evidence to show motive, plan, scheme, bent of mind and identity. *Williams v. State*, 261 Ga. 640 (409 SE2d 649). Probative similarities were shown in appellant's modus operandi and in his conduct on being caught. That the other incidents involved other stores and other kinds of merchandise does not render them dissimilar to the shoplifting here, for to be admissible, the previous offense need not be identical to this one. *Woolfolk v. State*, 202 Ga. App. 59, 61 (413 SE2d 242).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 17, 1993.

*Rosemary E. Myers*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.