S98A0281. YOUNG v. THE STATE.
(499 SE2d 60)

HUNSTEIN, Justice.

Norris Young was found guilty of malice murder, felony murder, five kidnappings and three armed robberies arising out of a series of robberies of guests at a motel in Douglasville. During one of the robberies, Young's accomplice Raymond Burgess,[1] fatally shot one of the victims. Young was sentenced to multiple life and 20-year sentences. He appeals from the denial of his amended motion for new trial.[2]

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Young guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During trial, Young was equipped with a "RACC belt," an electronic security device worn under clothing and activated by a remote transmitter which enables law enforcement personnel to administer an electric shock to control courtroom behavior. Young contends that utilization of this security precaution, which he maintains was conspicuous to at least one potential juror, denied him a fair trial because use of the device impermissibly infringed upon his presumption of innocence. Citing special circumstances, including evidence of

---

[1] See *Burgess v. State,* 264 Ga. 777 (450 SE2d 680) (1994), upholding the death penalty conviction of Young's co-perpetrator, Burgess.

[2] The crimes occurred on July 16, 1990. Young was indicted along with Burgess in Douglas County during the April 1990 term of court. He was reindicted during the October 1992 term of court. He was found guilty on November 16, 1993 and sentenced on November 23, 1993. His motion for new trial, filed on November 23, 1993 and amended on September 24, 1997, was denied on October 9, 1997. A notice of appeal was filed on October 14, 1997. The appeal was docketed in this Court on November 13, 1997 and submitted for decision without oral argument.

Young's disruptive behavior in jail and violent outbursts directed at the prosecutor, the State contended that the RACC belt was necessary to restrain Young during trial. The trial court agreed that the circumstances dictated additional security precautions and permitted the RACC device because it was not visible, allowed Young to move around unfettered, and reduced the number of guards that would be required to be present during trial.

Although it is well settled that a defendant is entitled to a trial free of partiality which the presence of excessive security measures may create, it is also as well established that the use of extraordinary security measures to prevent dangerous or disruptive behavior which threatens the conduct of a fair and safe trial is within the discretion of the trial court. *Welch v. State*, 251 Ga. 197 (7) (304 SE2d 391) (1983); OCGA § 15-1-3 (1), (4). We have previously held that utilization of a remedial electronic security measure shielded from the jury's view is permissible where the defendant fails to show that he was harmed by its use. *Brown v. State*, 268 Ga. 354 (7) (490 SE2d 75) (1997).

In the present case, Young has not established on the record that the security measure utilized during his trial was " 'so inherently prejudicial as to pose an unacceptable threat to [his] right to a fair trial.' " *Chancey v. State*, 256 Ga. 415, 435 (9) (349 SE2d 717) (1986). Accordingly, we conclude that the trial court did not abuse its discretion in allowing what it found to be necessary security precautions in order to conduct the trial in a safe and orderly fashion.

3. Young's assertion that the trial court erred in admitting three prior similar transactions cannot be considered. Even though Young objected to the introduction of the similar transaction evidence at the hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), he was required to object to the introduction of the similar transaction evidence at trial in order to preserve the issue on appeal. *Smith v. State*, 268 Ga. 42 (3) (485 SE2d 189) (1997). We additionally note that the trial court did not err in admitting the evidence of Young's similar transactions. The State introduced evidence of Young's participation in three armed robberies of motel guests in DeKalb, Fulton and Clayton Counties in the month prior to the crimes which occurred in Douglas County. In a six-page order the trial court concluded that each element set forth in *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991) had been met. Our review of the transcript of the hearing on the admissibility of the similar transaction evidence as well as the trial transcript convinces us that the trial court's ruling was correct.

4. Contrary to Young's assertion, use of the word "until" by the trial court in its charge on presumption of innocence rather than the word "unless" is not error. *Roberts v. State*, 267 Ga. 669 (10) (482

SE2d 245) (1997). See OCGA § 16-1-5.
*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 1998 —
RECONSIDERATION DENIED MAY 22, 1998.

*Jill L. Anderson, Mary Erickson,* for appellant.
*David McDade, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.