## A99A0874. WILLIS v. THE STATE.
### (521 SE2d 662)

BARNES, Judge.

Jason Willis appeals his jury conviction of theft by receiving, arguing the evidence is insufficient. We affirm.

The State indicted Willis for burglary and theft by receiving. The jury acquitted him of the burglary charge, and he contends the evidence showed he committed either burglary or theft by taking, but not theft by receiving. To the contrary, State's witness Daniel Weathington testified that he, Willis, and two other people broke into the victim's house. Willis took a shotgun and money from a bedroom and, as the group was leaving, Weathington took a deer rifle from the porch, Weathington said. Willis saw him take the deer rifle. After the group agreed to pawn the deer rifle, Willis went into a pawn shop and obtained money for the deer rifle, according to Weathington.

While Willis presented a different version of events in his testimony, the jury was entitled to believe either version. *Cooper v. State*, 232 Ga. App. 461, 462-463 (1) (502 SE2d 306) (1998). On appeal, we do not weigh the credibility of the evidence, only its sufficiency. *Ferguson v. State*, 221 Ga. App. 415, 419 (2) (471 SE2d 528) (1996).

> A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

OCGA § 16-8-7 (a). We find the evidence that Willis obtained the stolen deer rifle from Weathington and pawned it for cash sufficient for a rational trier of fact to find Willis guilty of theft by receiving. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Willis argues that *Dyer v. State*, 150 Ga. App. 760 (258 SE2d 620) (1979), requires a different result. However, we expressly overruled *Dyer* in *Redding v. State*, 192 Ga. App. 325 (384 SE2d 910) (1989).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 13, 1999.

*John F. McClellan, Jr.*, for appellant.

*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.