## A00A1581. MOSS v. THE STATE.
(538 SE2d 876)

SMITH, Presiding Judge.

Henry Moss was charged with theft by taking, theft of services, two counts of harassing phone calls, two counts of telephone communication for indecent purposes, and obstruction of an officer. He was tried before a jury, which found him guilty of theft by taking, two counts of harassing phone calls, and two counts of telephone communication for indecent purposes. The jury was unable to reach a unanimous verdict as to the charge of theft of services and found him not guilty of obstruction of an officer.

Moss appeals from the conviction and sentence entered on the jury's verdict, raising the general grounds. He also complains of the trial court's actions in denying his motion to sever offenses and in sentencing him on both harassing telephone calls, OCGA § 16-11-39.1, and using telephone communication for indecent purposes, OCGA § 46-5-21. Finding no reversible error, we affirm.

1. Moss contends the evidence was insufficient to authorize the jury's finding of guilt as to any of the offenses.

(a) The charge of theft by taking arose out of an incident that occurred in July 1997, when Moss took his chainsaw to a lawn and garden shop in Albany to have it repaired. He was told the repair would take two weeks, and he left his saw at the shop. Moss testified that after leaving the saw, he found an old friend who would repair the saw for him immediately. Because he had been told that the lawn

---

[3] *Meyer v. State*, 150 Ga. App. 613 (258 SE2d 217) (1979).

and garden shop would take two weeks to repair it, he believed his saw had not yet been repaired, and he returned the next day to retrieve it. After looking for someone to help him and failing to find anyone, Moss noticed a saw that appeared identical to the one he had dropped off — an Echo brand orange chainsaw with a bow. He took that saw, placed it in his car, and left. He took the saw to be repaired quickly by an old friend.

Later that day, Moss returned a message left on his answering machine from the lawn and garden shop. According to Moss, he was asked if he had taken someone else's saw by mistake, and he replied: "Not that I know of." But after thinking about it, he called back and inquired whether his saw was still there, and he was told that it was. He intended to return the other saw, but before he could return it he was arrested. He then arranged for his girlfriend to take the saw back to the lawn and garden shop and pay for the repair to his saw. Moss testified that he never intended to steal anyone's saw or to have his saw repaired without paying for the repair. He simply picked up an identical saw by mistake.

According to the shop owner's son, however, he made the telephone calls seeking to locate the missing saw. He talked with Moss, and Moss told him he had not been to the shop to pick up the saw.

Moss's saw did not have a serial number when it was left for repair. Although the other saw had a serial number on it when it was brought in by its owner for repair, when Moss's girlfriend brought that saw back to the shop, its serial number had been forcibly removed.

Moss argues that both theft charges required proof of a specific intent and that this was not proved. On the contrary, given that Moss denied having returned to the shop at all, that the shop owner testified that Moss's girlfriend returned the saw and paid for it only after Moss was arrested, and that the serial number on the returned saw had been forcibly removed, the evidence was inconsistent with an innocent mistake, and it showed the necessary specific intent. It was sufficient to authorize the jury to find Moss guilty of theft by taking and theft of services under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) The other charges arose out of incidents that occurred several months later. Moss repeatedly called the district attorney's office, speaking to a prosecutor and to an investigator. In his first call to the prosecutor, he demanded that she drop the charges against him, used obscene language, and threatened her. He then called back three more times, each time continuing to use foul language and calling her names, until the prosecutor decided not to accept any more phone calls from Moss. Moss then continued his barrage of profanity and obscene language to an investigator, who was assisting in han-

dling phone calls that day. He made these calls repeatedly until giving up and going to the district attorney's office in person.

This evidence was sufficient to authorize the jury to find Moss guilty of making harassing telephone calls and using the telephone for obscene purposes under the standard set forth in *Jackson v. Virginia,* supra.

2. Moss contends the trial court erred in denying his motion to sever offenses. He argues that the offenses arose from different incidents, occurred approximately nine months apart, and were not related. He claims great risk of prejudice from their joinder.

Offenses may be joined for trial if they are based on the same or similar conduct, so that they show a common scheme or plan. They must be severed if joined solely because they are of the same or similar character; severance is discretionary if the trial court considers it appropriate to ensure a fair determination of the defendant's guilt or innocence on each offense. In exercising this discretion, the trial court considers whether the trier of fact can distinguish the evidence and apply the law intelligently as to each offense, given the number of offenses charged and the complexity of the evidence. *Smith v. State,* 225 Ga. App. 553-554 (1) (484 SE2d 515) (1997).

In this case, it is clear that the offenses were not joined solely because they are of the same or similar nature, and severance therefore was not mandatory. Nor did the trial court abuse its discretion in denying the motion to sever. If the telephone call charges were tried separately, evidence of the theft charges would be admissible to explain why Moss was making the calls. The reverse is true, as well. In any separate trial on the theft charges, evidence of the phone calls and obstruction would be admissible, because "[e]vidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." (Citations and punctuation omitted.) *Larocque v. State,* 224 Ga. App. 92, 93 (479 SE2d 450) (1996), rev'd on other grounds, *State v. Larocque,* 268 Ga. 352 (489 SE2d 806) (1996). See also *Bain v. State,* 239 Ga. App. 696, 699 (2) (521 SE2d 832) (1999); *Payne v. State,* 152 Ga. App. 471, 473 (3) (263 SE2d 251) (1979). When evidence of one crime is admissible in the trial of another crime, a trial court does not abuse its discretion in denying a motion for severance. *Dennis v. State,* 263 Ga. 257, 259-260 (6) (430 SE2d 742) (1993).

3. Moss maintains the trial court erred in sentencing him on both telephone charges. He argues that OCGA § 16-1-7 (a) (2) applies, because the two crimes differ only in that one is defined to prohibit a designated kind of conduct generally while the other prohibits a specific instance of such conduct. We do not agree.

Both crimes require proof of a specific type of conduct. Under

814

OCGA § 16-11-39.1, one commits the offense of harassing phone calls if one telephones another person *repeatedly* "for the purpose of annoying, harassing, or molesting another person." No requirement exists that any conversation take place. In contrast, OCGA § 46-5-21 (a) (1), with which Moss was also charged, requires the actual communication of comments that are "obscene, lewd, lascivious, filthy, or indecent."

The two crimes require different elements. Moss made repeated calls, to harass and annoy both the prosecutor and the investigator. He was therefore guilty of violating OCGA § 16-11-39.1. He also communicated obscene, filthy, and indecent language to both women. The *content* of his calls violated OCGA § 46-5-21 (a). Neither crime was included in the other under OCGA § 16-1-7 (a) (1) or (2). The trial court did not err in sentencing Moss on both offenses.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur. Phipps, J., disqualified.*

DECIDED SEPTEMBER 7, 2000.

*Herbie L. Solomon*, for appellant.
*Kenneth B. Hodges III, District Attorney, Richard E. Thomas, Robert E. Perrine, Jr., Assistant District Attorneys*, for appellee.