## A01A1198. CARMICHAEL v. THE STATE.
(554 SE2d 802)

MILLER, Judge.

A jury found Vincent Carmichael guilty of burglary. On appeal he claims that the trial court erred in admitting similar transaction evidence and in admitting testimony regarding prior incidents of vandalism and theft at the site of the burglary. He further claims the evidence was insufficient to support his conviction. We find no error and therefore affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the

light most favorable to the jury's verdict.[1] So viewed, the evidence shows that after several instances of vandalism, missing food, and burglaries at St. Thomas Moore Catholic Church and Catholic School in Decatur, the police stationed an officer and video surveillance equipment in the cafeteria. At approximately 2:00 a.m. on April 16, 1999, Officer Strawn heard a noise at the front doors and saw a man force his way into the cafeteria and then make his way toward the kitchen. It was dark except for outside lights shining through the windows, but the officer noticed that the man was tall and slender, with protruding ears, and was wearing a mechanic's uniform consisting of a dark jacket, pants, and boots. The officer was within 15 fee of the man, but she could not see his face. The man heard the office and fled. After the man left the building, Strawn immediately issue a police lookout for the intruder.

Shortly after Strawn issued the lookout, a postal worker drov his truck through the gate at the secured lot of the post office locate a block from the school. The lot is surrounded by a fence topped b barbed wire. A man wearing a dark uniform ran past the truck an through the open gate toward the back of the enclosure. The post worker, who was unnerved by the event, flagged down Officer Tibbs who was responding to Strawn's lookout, and told Tibbs about th man. Officer Stephens received a radio call from Tibbs concerning the incident at the post office.

Stephens went to the back of the Gateway apartment complex behind the post office, where he found Carmichael, who was out of breath. Carmichael's hand was bleeding, and his pants were ripped. He was wearing clothing matching that of the suspect identified by the lookout, except for a jacket. Another officer found a dark blue uniform jacket nearby. Strawn went to where the police were holding Carmichael, and she identified him as the man she saw inside the school. Strawn testified she was "very certain" Carmichael was the intruder at the school based on "[h]is height, his build, and his ears protruding from his head, and also the clothing that he was wearing." The jury was shown the videotape of the man entering the school taken with a surveillance camera using an infrared lens.

1. Carmichael claims the evidence was insufficient to support the verdict. We disagree. He was apprehended within minutes of the crime, out of breath, cut, and bleeding, which are consistent with having run from the police and having climbed a barbed wire fence. He was wearing clothing that matched the clothing that Officer Strawn saw on the intruder, and Strawn identified Carmichael as the man she had seen inside the school. The jury was shown the

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

videotape of the intruder. Taken as a whole, we find the evidence was sufficient for a rational trier of fact to find Carmichael guilty of burglary beyond a reasonable doubt.[2]

2. Carmichael also contends that the trial court erred in admitting evidence of two prior burglaries. A trial court's decision to admit similar transaction evidence lies within its sound discretion and, absent an abuse thereof, will not be disturbed on appeal.[3] In order for similar transaction evidence of an independent crime to be admissible, the State must show that the defendant was the perpetrator of the independent crime, and there must be a sufficient similarity between the independent crime and the offense charged so that the proof of the former tends to prove the latter.[4] The State must also show that the evidence is not admitted to raise an improper inference as to the defendant's character.[5]

In the prior burglaries Carmichael had broken into two commercial establishments in the wee hours of the morning and when caught pled guilty to burglary. Carmichael argues that the State failed to show there was a sufficient similarity between the prior burglaries and the indicted offense. He notes that the burglaries occurred four years earlier; they did not occur in the City of Decatur, but another portion of DeKalb County; the prior burglaries were of furniture stores; and they did not involve entry through a door.

"The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case."[6] The trial court allowed the prior transactions because they tended to show "intent, motive, or bent of mind or course of conduct." Bent of mind was at issue in the case because the State was required to show that Carmichael, who evidence shows forced his way into the building but then immediately ran out, entered the school with the intention of committing a felony or theft within.[7] "The admission of other criminal acts by the defendant does not turn on the basis of the number of similarities between the criminal acts alone, particularly where, as here, evidence of independent crimes is introduced to show bent of mind."[8] There are elements of similarity in the prior offenses and the crime in question: in both prior events Carmichael forced entry into nonresidential property

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[4] *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991).

[5] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[6] (Citation and punctuation omitted.) *Jones v. State*, 226 Ga. App. 721, 723 (1) (487 SE2d 618) (1997).

[7] See OCGA § 16-7-1 (a).

[8] (Citations omitted.) *Collins v. State*, 242 Ga. App. 450, 453 (2) (529 SE2d 412) (2000).

within DeKalb County in the very early morning hours. In the two prior events, he intended to steal.

Carmichael relies on *Weems v. State*,[9] in which we found that evidence of the defendant's burglary of a single-family residence three years prior to the indicted offense of burglary of an apartment was not sufficiently similar to be admissible. However, the trial court here found more elements of similarity between the crimes charged and the previous transactions than was apparent in the burglary improperly admitted in *Weems*. We find that the trial court did not abuse its discretion in allowing similar transaction evidence of Carmichael's two prior burglary convictions.

3. Carmichael further argues that the trial court erred in admitting Strawn's testimony that numerous burglaries had occurred at the school, prompting the police to set up a surveillance operation. Carmichael contends the testimony was prejudicial hearsay and irrelevant. In a pre-trial ruling, the trial court indicated it would allow testimony regarding the previous incidents to show why Officer Strawn was stationed at the school. Carmichael's trial counsel appeared to agree to such testimony.[10]

It is always the responsibility of defense counsel to object to any testimony that he believes is improper at that time, and the better practice is to renew that objection at the conclusion of the trial to preserve the issue on appeal. No objection was made when Strawn testified about the prior incidents at the school. A party is required to object to evidence at the time it is offered, and Carmichael has waived this issue on appeal.[11]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 20, 2001.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Jennifer M. Daniels, Assistant District Attorneys*, for appellee.

---

[9] 204 Ga. App. 352 (419 SE2d 346) (1992).

[10] "The Court: I think the officer can testify why [she] was there. [Defense Counsel]: That's fine."

[11] *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987).