A04A1267. GIBSON v. THE STATE.
(603 SE2d 319)

BLACKBURN, Presiding Judge.

Tried before a jury, L. C. Gibson was convicted of burglary.[1] He appeals, challenging the sufficiency of the evidence and arguing that the court erred in admitting evidence of a prior burglary by Gibson. We hold that the evidence sufficed to sustain the verdict and that the prior burglary was sufficiently similar to be admissible for the purpose of showing course of conduct. Accordingly, we affirm.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So construed, the evidence shows that one morning in 2002, Shonte James was at home in Columbus, Georgia and witnessed

---

[1] OCGA § 16-7-1 (a).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Gibson, wearing a white t-shirt and army fatigue pants, leave her storage shed carrying items belonging to her including a black bag containing crystal. Gibson did not have permission to enter the shed or to take the property. Her husband yelled at Gibson, who dropped some of the items. Still in possession of the bag, Gibson escaped on a bicycle. After calling the police, the Jameses chased Gibson until he disappeared into the local woods. After 15 minutes, Gibson emerged from the woods on foot, without any of the stolen possessions or the bag. Recognizing him as the burglar, the Jameses followed him to another subdivision. Upon arrival of the police, Mrs. James pointed Gibson out to police, who then apprehended him and charged him with burglary. When they returned home, the Jameses discovered that the window to the shed was open, which window was normally left closed. During trial, Mrs. James positively identified Gibson as the man who stole items from her storage shed.

OCGA § 16-7-1 (a) defines the offense of burglary as when a person, without authority and with the intent to commit a theft therein, enters a building. Here an eyewitness identified Gibson as the man she saw leave her shed with her goods. As a single witness is generally sufficient to establish a fact,[4] the evidence sufficed to sustain a verdict of guilt on the charge of burglary. We discern no error.

2. Gibson's second enumeration is that the trial court erred in admitting evidence of a prior burglary as a similar transaction. We disagree.

> Evidence of similar transactions may be admitted if the State affirmatively shows (1) that the evidence serves an appropriate purpose; (2) the accused committed the other offense; and (3) a sufficient connection between the similar offense and the offense for which the accused is being tried such that proof of the former tends to prove the latter.

(Punctuation omitted.) *King v. State.*[5] See *Williams v. State.*[6] "Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible." *Thompson v. State.*[7]

Here the State proffered Gibson's guilty plea to a 1995 burglary, in which he impermissibly entered an unoccupied business in Columbus, Georgia by accessing the business's common attic with an

---

[4] OCGA § 24-4-8.

[5] *King v. State*, 246 Ga. App. 100, 101 (2) (539 SE2d 614) (2000).

[6] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[7] *Thompson v. State*, 241 Ga. App. 295, 297 (526 SE2d 434) (1999).

adjoining building. Alerted to the unauthorized entry, police surrounded the building and found Gibson therein next to a bag containing small products Gibson had been stealing from the business. Finding this transaction sufficiently similar to prove course of conduct in the charge at issue, the trial court ruled the evidence admissible. Gibson challenges this ruling, claiming that the purpose was improper and that the crimes were not sufficiently similar.

(a) *Purpose*. The State tendered the similar transaction evidence for the purpose of showing course of conduct, which purpose the court approved. Showing course of conduct is a proper purpose for the admission of similar transaction evidence. *King*, supra at 101-102 (2). See *Farley v. State*[8] (similar prior bad acts may be relevant to show course of conduct).

(b) *Sufficiently similar*. The prior bad act must be sufficiently similar or connected to the charged act such that proof of the prior bad act proves the charged act. *King*, supra at 101 (2). Where similar transaction evidence is admitted for the purpose of showing course of conduct, "a lesser degree of similarity is required than when such evidence is introduced to prove identity." *Smith v. State*.[9] We uphold the trial court's ruling as to whether the two crimes are sufficiently similar unless that ruling is clearly erroneous. *Quezada v. State*.[10] In making this determination, we focus on the similarities, rather than the differences, between the prior bad act and the charged act. Id. at 721 (1).

Here several similarities lead us to conclude that the trial court did not clearly err in finding the two transactions sufficiently similar. In both transactions, Gibson (1) entered an unoccupied building (2) without destructive force through an abnormal portal such as a window or attic (3) in Columbus, Georgia, and (4) took small items of property that could be transported in a bag. See *McLeroy v. State*.[11] The six-year gap between the acts "was not so great as to require that the evidence be excluded." Id.

The trial court did not abuse its discretion in admitting the prior burglary. See generally *Carmichael v. State*;[12] *King*, supra at 102 (2).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 23, 2004.

*John R. Mobley II*, for appellant.

---

[8] *Farley v. State*, 265 Ga. 622, 626 (2) (458 SE2d 643) (1995).

[9] *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[10] *Quezada v. State*, 236 Ga. App. 718, 719 (1) (512 SE2d 401) (1999).

[11] *McLeroy v. State*, 184 Ga. App. 62, 63 (1) (360 SE2d 631) (1987).

[12] *Carmichael v. State*, 251 Ga. App. 611, 613-614 (2) (554 SE2d 802) (2001).

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.