## A05A2187. JOHNSON v. THE STATE.
(623 SE2d 706)

PHIPPS, Judge.

A jury found Robert Johnson III guilty of burglary and theft by receiving stolen property. He appeals, arguing that the trial court erred by (1) denying his motions for directed verdict of acquittal, (2) denying his motion to sever offenses, (3) admitting similar transaction evidence, and (4) improperly instructing the jury regarding that evidence. Finding no error, we affirm.

Viewing the evidence in the light most favorable to the verdict, the record shows that Decatur resident Gardner Neely awoke one morning and found "a few things disturbed" in his house. His wallet was open on the kitchen counter and cash was missing, and the keys to his car — a white Ford Escort station wagon — also were gone. Neely looked out the window and saw that the car, which he had parked in his driveway the night before, was not there. Several days later, Neely noticed that a screen on a porch window had been cut.

Nine days after the Neely burglary, Decatur resident Candace Castle awoke during the night when she heard someone yell, "Bam, bam, bam, bam, bam, bam." She "bolted out of bed and saw a figure crouched inside [her] bedroom door." After the figure fled, Castle drove to the police station. Officers accompanied her back to her house, where they found a screen missing from an open window. Money had been taken from her wallet, and her checkbook and Social Security card were missing. The police determined that the open window had been the burglar's point of entry.

The next day, Castle's neighbor found the missing window screen behind a bush in his front yard. The police developed latent fingerprints from the inside surface of the screen and submitted them to the Georgia Bureau of Investigation's crime lab for analysis. An examiner from the crime lab testified that the fingerprints on the screen matched Johnson's prints to a 100 percent degree of certainty.

Johnson's friend Denise Williams testified that around the time of the Neely burglary, she saw Johnson driving a white Escort station wagon. He told her that he got the car "from one of the jobs where he had been entering people's homes." Johnson spoke to Williams of committing burglaries by entering people's homes while they were

there and taking checks, money, and cars. According to Williams, Johnson kept checkbooks in a duffel bag.

The police found Neely's station wagon parked at a house in Decatur, and they arrested Johnson inside the house. He told the police that he had bought the car from a drug addict in Clarkston.

Johnson was charged with burglary of Neely's residence, burglary of Castle's residence, and theft by receiving Neely's stolen car. He was found not guilty of the Neely burglary, but guilty of the other two charges.

1. Johnson claims that the trial court should have granted his motion for a directed verdict of acquittal on the charges of which he was convicted. We review the denial of a motion for directed verdict of acquittal under the same standard we apply to a challenge to the sufficiency of the evidence.[1] We do not weigh the evidence or evaluate the credibility of the witnesses; we merely determine whether the evidence is sufficient to support the conviction.[2] As long as there is some evidence, even though contradicted, to make out each element of the state's case, we will affirm the conviction.[3]

(a) An essential element of the crime of theft by receiving stolen property is that the accused knew or should have known that the property was stolen.[4] Johnson argues that the state failed to prove this element because there was no evidence that he knew that Neely's car had been stolen. He points out that the car had not been hot wired, and he claims that his story that he purchased it from a drug addict in Clarkston was reasonable. But Williams testified that Johnson told her he got the car from "one of the jobs where he had been entering people's homes." The jury was entitled to believe Williams and to infer that Johnson knew the car had been stolen after a burglary.[5]

(b) Johnson argues that there was no evidence connecting him to the burglary of Castle's residence except his fingerprint on a screen that was not shown conclusively to have come from her house. He points to Castle's testimony that the screen was widely available at Home Depot when she bought it three years before the burglary. The jury, however, was entitled to conclude that the discovery the day after the burglary of a screen in Castle's neighbor's yard identical to the one missing from her window was not mere coincidence. And the presence of Johnson's fingerprints on the inside of the screen, which

---

[1] *Smiley v. State*, 260 Ga. App. 283 (1) (581 SE2d 310) (2003).

[2] *Scott v. State*, 243 Ga. App. 383, 384 (1) (a) (532 SE2d 141) (2000).

[3] Id.

[4] OCGA § 16-8-7.

[5] See *DeLong v. State*, 270 Ga. App. 173, 174-175 (1) (606 SE2d 107) (2004); *Willis v. State*, 239 Ga. App. 607 (521 SE2d 662) (1999).

the burglar removed to enter Castle's home, constituted sufficient evidence to support Johnson's burglary conviction.[6]

2. Johnson claims that the trial court erred by denying his motion to sever the burglary charges.

> On appellate review, when joinder is based on the same conduct or on a series of acts connected together and evincing ongoing criminality, severance lies within the sound discretion of the trial court. A ruling on a motion to sever offenses will therefore be affirmed unless the trial court abused its discretion.[7]

In exercising its discretion, the trial court must consider "whether the trier of fact can distinguish the evidence and apply the law intelligently as to each offense, given the number of offenses charged and the complexity of the evidence."[8]

Johnson argues that because of various differences between the Neely and Castle burglaries, they did not demonstrate a common scheme or plan. We disagree. In both crimes, the burglar cut or removed a window screen to enter a residence during the night while the occupants were sleeping and took, among other things, money from a wallet inside the house. The burglaries occurred nine days apart at Decatur homes located within a half mile of each other. The offenses "were properly joined because they constituted a series of criminal acts closely connected by geography, time, and manner so as to constitute a scheme or plan of criminal conduct."[9] Moreover, nothing in the record suggests that the jury was confused or misled by the joinder of the offenses and the evidence presented to support them.[10] The trial court did not abuse its discretion in refusing to sever the offenses.

3. Johnson claims that the trial court erred by allowing the state to present similar transaction evidence of a residential burglary to which he had pled guilty six years before. At a pretrial hearing to determine the admissibility of the evidence, the court ruled — over Johnson's objection — that the state was offering the evidence for a

---

[6] See *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003); *Allen v. State*, 248 Ga. App. 79, 80 (1) (545 SE2d 629) (2001).

[7] *Gibson v. State*, 267 Ga. App. 473, 477 (3) (600 SE2d 417) (2004) (citation and punctuation omitted).

[8] *Moss v. State*, 245 Ga. App. 811, 813 (2) (538 SE2d 876) (2000) (citation omitted).

[9] *Thrasher v. State*, 261 Ga. App. 650, 652 (3) (583 SE2d 504) (2003) (citation and punctuation omitted).

[10] See *Gibson*, supra.

proper purpose and that there was "sufficient connection and similarity" between the prior burglary and the charged offenses.

At trial, Suzanne Ferrone testified that she had been living in an apartment complex near North Druid Hills Road with two roommates. One morning one of her roommates knocked on her bedroom door and told her that someone had broken into the apartment. Ferrone saw that "the television, the stereo equipment had all been unattached, and the front door was wide open." In addition, a window was open and its screen had been torn. Ferrone's keys and cell phone were missing, along with a laptop computer. The state introduced a certified copy of Johnson's guilty plea to one count of burglary in connection with that incident.

(a) The state contends that Johnson waived his challenge to the similar transaction evidence because his attorney failed to object to its introduction at trial. This court has repeatedly held that a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial, even if the defendant has already lodged the same objection at a pretrial hearing to determine the admissibility of the evidence.[11] Our Supreme Court, too, has adopted this rule.[12]

Requiring the defendant to make a second objection to similar transaction evidence at trial, after the court already has considered and decided the issue at a pretrial hearing, conflicts with the well-established rule that a party who loses a motion in limine need not renew the objection when the challenged evidence is introduced at trial.[13] As the Supreme Court has observed, a pretrial ruling on a motion in limine "controls the subsequent course of the action, unless modified at trial to prevent manifest injustice."[14] Accordingly,

[a]ll the purposes of an objection have already been fulfilled by the proceedings on the motion in limine. The trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes. Therefore, we see no reason for another objection at trial in order to preserve the denial of the motion on appeal.[15]

---

[11] See, e.g., *White v. State*, 265 Ga. App. 155, 158 (2) (592 SE2d 920) (2004); *Cowan v. State*, 243 Ga. App. 388, 391 (2) (b) (531 SE2d 785) (2000); *Williams v. State*, 236 Ga. App. 667, 668 (3) (512 SE2d 363) (1999); *Duque v. State*, 228 Ga. App. 391, 392 (2) (491 SE2d 841) (1997).

[12] See *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998); *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189) (1997).

[13] See *Bryant v. State*, 271 Ga. 99, 100 (2) (515 SE2d 836) (1999); *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285 (1) (260 SE2d 20) (1979).

[14] *Harley-Davidson Motor Co.*, supra at 286 (1) (citation and punctuation omitted).

[15] Id.

There is no meaningful difference between a motion in limine to exclude evidence and a pretrial challenge to the admission of similar transaction evidence.[16] In both instances, the defendant places his objections before the trial court, which considers and decides the issue. Therefore, the same rule should apply in both instances — a defendant should not be required to renew his objection at trial, in front of the jury, to avoid waiver of a challenge to the admission of similar transaction evidence.

Controlling precedent, however, forces us to conclude that Johnson waived his objection to the similar transaction evidence by not repeating it at trial.

(b) Even if Johnson had not waived the objection, we would find it meritless. He argues that the prior burglary was not sufficiently similar to the charged offenses. "The prior bad act must be sufficiently similar or connected to the charged act such that proof of the prior bad act proves the charged act."[17] Nevertheless,

> [t]he law does not require that a similar transaction crime be identical to the crime charged. There can be a substantial variation of circumstances where there exists a logical connection between the crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case.[18]

We review for clear error a trial court's factual determination that a prior crime was sufficiently similar to the charged crime.[19]

In this case, there were many similarities between the prior burglary and the charged burglaries. In all three instances, an intruder cut or removed the window screen of a residence while the occupants were sleeping and took small items from inside, such as keys, along with other valuables. These similarities overshadow the differences, such as the fact that the prior burglary was of an apartment in DeKalb County rather than a house in the City of

---

[16] See *McClarity v. State*, 234 Ga. App. 348, 349-350 (506 SE2d 392) (1998) (noting inconsistency between motion in limine rule, where objection need not be renewed at trial, and similar transaction rule, where trial objection is required).

[17] *Gibson v. State*, 268 Ga. App. 696, 698 (2) (b) (603 SE2d 319) (2004) (citation omitted).

[18] *Maxey v. State*, 239 Ga. App. 638, 640-641 (3) (521 SE2d 673) (1999) (citation and punctuation omitted).

[19] See *King v. State*, 246 Ga. App. 100, 102 (2) (539 SE2d 614) (2000) (finding no clear error in trial court's similarity determination).

Decatur. The trial court did not err in admitting evidence of the prior burglary.[20]

4. Finally, Johnson argues that the trial court erred by instructing the jury that it could consider the similar transaction evidence for the limited purpose of illustrating his state of mind, knowledge, or intent. According to Johnson, the only proper purpose for the similar transaction evidence was to show the identity of the burglar, as that was the sole contested issue at trial. We cannot agree.

When a defendant pleads not guilty, he challenges all allegations of the indictment and requires the state to prove every essential element of the crimes charged.[21] Burglary is the unauthorized entry into the dwelling house of another "with the intent to commit a felony or theft therein."[22] By pleading not guilty, Johnson required the state to prove that he entered the Neely and Castle residences with the intent to commit theft; therefore, the similar transaction evidence was properly admitted to show Johnson's state of mind, knowledge, and intent.[23] Moreover, we have held that a trial court's instruction that the jury could consider similar transaction evidence only to show "the defendant's state of mind, knowledge, intent, or mode of operation" was an adequate limiting instruction.[24] The instruction in this case, which was even narrower, was not error.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 22, 2005.

*Melissa M. Nelson*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[20] See *Gibson*, supra; *Carmichael v. State*, 251 Ga. App. 611, 613-614 (2) (554 SE2d 802) (2001).

[21] *Sanders v. State*, 252 Ga. App. 609, 612 (2) (556 SE2d 505) (2001); *Williams v. State*, 246 Ga. App. 347, 348 (540 SE2d 305) (2000).

[22] OCGA § 16-7-1 (a).

[23] See *Williams v. State*, 261 Ga. 640, 642 (2) (b), n. 2 (409 SE2d 649) (1991) (listing appropriate purposes for similar transaction evidence).

[24] *Ayers v. State*, 251 Ga. App. 623, 625 (3) (555 SE2d 4) (2001) (punctuation omitted).