A07A0023. KIMBLE v. THE STATE.
(646 SE2d 511)

ADAMS, Judge.

Frederic Kimble was convicted by a jury of burglary. On appeal he contends the trial court erred by admitting evidence of two similar transactions at trial, arguing that the similar transactions were not sufficiently similar to the present crime.

We first address the State's argument that Kimble waived his objection to the admission of this evidence by failing to object at trial. It is true that "[t]his [C]ourt has repeatedly held that a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial, even if the defendant has already lodged the same objection at a pretrial hearing to determine the admissibility of the evidence." *Johnson v. State*, 276 Ga. App. 505, 508 (3) (a) (623 SE2d 706) (2005), and footnote citations.

At trial, during a discussion between the court and the prosecuting attorney concerning the purposes for which the similar transaction evidence was being admitted, defense counsel stated "Of course, we wouldn't agree with that, Your Honor, but we've had the hearing on similar transaction. . . . I don't know there's any use in going through that again." But our controlling precedent appears to require just that — that the objection to the admission to the evidence be repeated at trial. See *Johnson v. State*, 276 Ga. App. at 508 (3) (a). We

therefore are constrained to agree with the State that the above statement does not constitute a sufficient objection concerning the issue now raised on appeal — that the prior crimes were not sufficiently similar to the present offense.

Moreover, even if Kimble's trial attorney had properly objected at trial, our review shows the trial court did not abuse its discretion in admitting the evidence. "The proper focus is on the similarity, not the differences, between the separate crime[s] and the crime in question." (Punctuation and footnote omitted.) *Houston v. State*, 270 Ga. App. 456, 458 (1) (606 SE2d 883) (2004). In this case the similarities between the earlier offenses and the present crime included the following: all three offenses (burglaries and attempted burglaries) were committed in rural or isolated locations on property located at or near the county line. The houses on the properties were all described as "ranch" style houses with basements, and all the houses sat back from the road or were surrounded by trees. In each instance, Kimble drove his vehicle to the residence and parked it nearby. And all three offenses were committed in the middle of the day (between 1:00 p.m. and 2:00 p.m.) while the homeowners were either at home or returned to their residence while the crimes were in progress. The trial court did not abuse its discretion by admitting evidence of the prior offenses. *Kidd v. State*, 277 Ga. App. 29, 31-32 (1) (625 SE2d 440) (2005); *Johnson v. State*, 276 Ga. App. at 509 (3) (b); *Houston v. State*, 270 Ga. App. at 458 (1).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 17, 2007.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.