A07A2480. CORNELL v. THE STATE.
(656 SE2d 191)

MIKELL, Judge.

Following a jury trial, Gwendolyn Cornell was found guilty of two counts of shoplifting: one with a co-defendant, Donnella Wilson; and one independently. She appeals, asserting that the trial court erred in admitting similar transaction evidence of a prior shoplifting offense by Cornell. We affirm.

Viewed in the light most favorable to support the jury's verdict,[1] the record reflects that on May 1, 2006, Jeffery Hanson, a loss prevention detective at Macy's at Arbor Place Mall in Douglas County, observed Cornell taking two shirts from a display, hiding them in a shopping bag, and then presenting them for a refund along with two other shirts which she already had with her in the shopping bag when she entered the store. She obtained a store credit for $106.96, at

---

[1] See *Walker v. State*, 268 Ga. App. 669 (602 SE2d 351) (2004).

which point Hanson intercepted her. A police officer was called, and inside Cornell's shopping bag the officer found children's clothing with J. C. Penney tags still attached. While Cornell was at the Macy's loss prevention office, her co-defendant Wilson was seen leaving J. C. Penney's with a large, full shopping bag, which was later found to contain over $700 worth of new children's clothing from J. C. Penney's with tags still attached. Wilson admitted that she had stolen the items in this bag. When arrested at the mall, Cornell had on her person $1.77 in cash, a cell phone, and keys, but no credit cards, checks, or other means of paying for merchandise. Cornell later admitted that she had intentionally presented for a refund the two shirts which she had not paid for; and that she and Wilson had entered the mall that day planning to steal items and sell them to other people.

At trial, the state introduced similar transaction evidence of Cornell's prior conviction for shoplifting in 2002. Robert Conn, an asset protection employee for Wal-Mart in Villa Rica, testified that on June 18, 2002, he saw Cornell take from a display at the store a $90 razor packaged in plastic, then take the razor to the hardware department of the store, use a pair of pliers to open the plastic packaging, and remove the small tags which would set off the store alarm. Then she attempted to obtain a refund on the razor, but the refund was refused because she did not have a receipt. She then concealed the razor in a Wal-Mart bag and left the store without paying for the item. At that point, Conn approached her and asked her to return to the store. He notified the police, and she was subsequently charged with and found guilty of shoplifting.

Cornell claims that this prior transaction was insufficiently similar to the offenses charged; however, Cornell has waived review of this issue on appeal, because she did not object *at trial* to the similar transaction evidence on this ground. The record shows that, at the pretrial similar transaction hearing held pursuant to Uniform Superior Court Rule 31.3 (B), Cornell objected to this testimony on the ground of lack of sufficient similarity, but at trial Cornell's counsel, after first affirmatively stating that he had no objection to this testimony, later objected only on the ground that this evidence did not show "intent and course of conduct." "This Court has repeatedly held that a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial, even if the defendant has already lodged the same objection at a pretrial hearing to determine the admissibility of the evidence."[2] Although this rule has been

---

[2] (Citation and punctuation omitted.) *Kimble v. State*, 285 Ga. App. 420 (646 SE2d 511) (2007).

criticized in the past,[3] nonetheless, controlling precedent both of this Court[4] and of our Supreme Court[5] requires the conclusion that Cornell waived her objection to the similar transaction evidence by not repeating it at trial.[6]

Even if Cornell had not waived the objection as to sufficient similarity, however, we would find it meritless. It is true that "[t]he prior bad act must be sufficiently similar or connected to the charged act such that proof of the prior bad act proves the charged act";[7] nonetheless, "a transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences."[8] Here, both the charged offenses and the prior transaction involved shoplifting from large retail establishments; in both transactions, Cornell stole an item easily hidden in a shopping bag; in the prior transaction she tried to obtain a refund and in the offense charged she succeeded in obtaining a refund on goods for which she had not paid; and in both instances she left the store after either obtaining the refund or concealing the item. These similarities overshadow the differences, such as that the prior incident occurred in a different store, that it involved different merchandise, and that it apparently did not involve an accomplice.[9] On appellate review, we will not disturb the trial court's findings as to similarity of the prior transaction evidence unless they are clearly erroneous,[10] and in this case we conclude that the trial court's decision to admit this similar transaction evidence was not clearly erroneous.

---

[3] See *Johnson v. State*, 276 Ga. App. 505, 508-509 (3) (a) (623 SE2d 706) (2005) (comparing a motion in limine with a pretrial challenge to the admission of similar transaction evidence, this Court asserted that "the same rule should apply in both instances – a defendant should not be required to renew his objection at trial, in front of the jury, [in order] to avoid waiver of a challenge to the admission of similar transaction evidence"; nonetheless, Court ruled that under controlling precedent, defendant waived his objection to similar transaction evidence by not repeating it at trial).

[4] See *Upshaw v. State*, 257 Ga. App. 199, 200 (2) (570 SE2d 640) (2002) ("The rule requiring that a party object at trial to similar transaction evidence is firm, and we are bound to follow it") (footnote omitted); *Parker v. State*, 244 Ga. App. 419, 422 (4) (535 SE2d 795) (2000); *McNair v. State*, 240 Ga. App. 324, 325 (2) (523 SE2d 392) (1999).

[5] See *Williams v. State*, 279 Ga. 731, 732 (3) (620 SE2d 816) (2005); *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998).

[6] See *Johnson*, supra at 509 (3) (a).

[7] (Citation omitted.) *Gibson v. State*, 268 Ga. App. 696, 698 (2) (b) (603 SE2d 319) (2004).

[8] (Citation and punctuation omitted.) *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006).

[9] See *Willett v. State*, 240 Ga. App. 108, 110 (522 SE2d 698) (1999) (earlier incident in which defendant was shoplifting alone was admissible in trial of charged offense where defendant was shoplifting with an accomplice); *Foster v. State*, 211 Ga. App. 22, 23 (2) (437 SE2d 872) (1993) (prior shoplifting transaction found similar even though it involved different stores and other kinds of merchandise).

[10] *Biggs v. State*, 281 Ga. 627, 629 (2) (642 SE2d 74) (2007).

We note in addition that even if this similar transaction evidence was improperly placed before the jury, the error was harmless. "Harm as well as error must be shown when similar transaction evidence is improperly admitted."[11] Here, security officers from both stores gave eyewitness testimony describing Cornell's shoplifting, and Cornell as well as her co-defendant admitted to the crimes. In light of the overwhelming evidence against her, we conclude that "there is no reasonable probability that the results of the trial would have differed if the [similar transaction] evidence had been excluded."[12]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2007.

*Mary Erickson*, for appellant.
*David McDade, District Attorney*, for appellee.

---

[11] (Citation omitted.) *Bradford v. State*, 261 Ga. App. 621, 622 (583 SE2d 484) (2003) (improperly admitted evidence of similar shoplifting transaction was harmless error where eyewitness testimony of defendant's charged shoplifting offense was adduced).

[12] (Punctuation and footnote omitted.) *Goldsby v. State*, 273 Ga. App. 523, 526 (2) (615 SE2d 592) (2005).