### A07A1892. WYCHE v. THE STATE.
(661 SE2d 226)

ADAMS, Judge.

Stephen Maurice Wyche was convicted by a jury of one count of armed robbery, one count of kidnapping and one count of possession of a firearm by a convicted felon. On appeal he contends that the trial court erred in admitting evidence of nine similar transactions, in allowing the state to elicit hearsay eyewitness identification testimony and in sentencing him as a recidivist to life without parole on the armed robbery charge.

The evidence at trial showed that on July 13, 2000 between 9:00 and 9:30 a.m., Wyche entered a Discount Auto Parts store in Lithia Springs. No other customers were in the store when Wyche placed an air freshener on the counter and said he was ready to check out. Store employee Hershel Knight rang up the sale, and Wyche handed him a dollar bill and placed a dime on the counter.

As Knight reached for the dime, Wyche pulled out a semiautomatic handgun, placed it against Knight's neck and told him it was a robbery. Knight backed up, but Wyche grabbed Knight's shirt and directed Knight to take him to the safe. When they reached the office containing the safe, Wyche told Knight to open it and then get on the floor under a desk. Wyche then took the paper money from the safe, leaving the coins behind. After taking the money, Wyche ordered Knight to the rear of the store. As Knight was heading to the back of the store, he saw Wyche leave. Knight then ran to a window to see which way Wyche was heading. From this vantage point, Knight heard a screeching noise and saw a white SUV leaving the parking lot, almost striking another vehicle that was entering the lot. Knight identified Wyche as the man who robbed him from a photo lineup prepared by police before the trial and identified him again at trial.

1. The state presented evidence at trial of nine similar transactions, and Wyche contends the trial court erred in admitting this evidence. The state notified Wyche before trial of its intent to offer this similar transaction evidence, and Wyche moved to exclude it. The trial court held a hearing under Uniform Superior Court Rule

31.3 (B) to consider Wyche's motion, and ruled that the evidence was admissible to show identity.

Wyche failed to raise any objection at trial to the introduction of this evidence, and thus he waived appellate consideration of the issue. "This [C]ourt has repeatedly held that a defendant waives an objection to similar transaction evidence by not protesting its introduction at trial, even if the defendant has already lodged the same objection at a pretrial hearing to determine the admissibility of the evidence." (Footnote omitted.) *Johnson v. State*, 276 Ga. App. 505, 508 (3) (a) (623 SE2d 706) (2005). See also *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998); *Kimble v. State*, 285 Ga. App. 420 (646 SE2d 511) (2007).

But even if Wyche had properly preserved this issue for our review, we find that the trial court did not err. The state introduced evidence of Wyche's participation in a series of nine other armed robberies of metro-Atlanta retail establishments over a seven-month period, including six robberies at five other auto parts stores. Having reviewed the transcripts from both the Rule 31.3 (B) hearing and the trial, we are convinced that the trial court's ruling was correct.[1] See *Young v. State*, 269 Ga. at 479 (3); *Houston v. State*, 270 Ga. App. 456, 458 (606 SE2d 883) (2004) (the proper focus is on the similarities between the crime at issue and the similar transactions).

2. Wyche contends the trial court erred in allowing the state to elicit hearsay eyewitness identification testimony. Lake City Police Sergeant Steve Ray testified that he investigated two of the similar transactions, which occurred in Clayton County, one at another Discount Auto Parts store on June 7, 2000, and the other at an AutoZone store on June 13, 2000. As part of that investigation, the officer showed a photographic lineup to five different witnesses, and all the witnesses identified Wyche as the perpetrator of the crimes. While three of the witnesses testified at trial and were subject to cross-examination, two of the witnesses did not appear at trial.

Wyche objected to this testimony on the ground of hearsay, but the state argued that such testimony was admissible under *Cowan v. State*, 243 Ga. App. 388, 390 (1) (b) (531 SE2d 785) (2000). That case, citing *Neal v. State*, 211 Ga. App. 829, 830 (1) (b) (440 SE2d 717) (1994), held that "[a] law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." (Punctuation and footnote omitted.) Id. But less than two months after Wyche's trial, the Supreme Court of Georgia overruled *Neal v. State*, and held that

---

[1] We note that the trial court stated that this was "[p]robably the strongest similar transaction case I have ever been involved in."

> [i]n the absence of some other viable hearsay exception, such as "necessity" or "res gestae," a law enforcement officer may not testify to a pre-trial identification of the accused unless the person who actually made the identification testifies at trial and is subject to cross-examination.

*White v. State*, 273 Ga. 787, 788 (546 SE2d 514) (2001). Under this rule, Sergeant Ray's testimony as to three of the witnesses was admissible, but his testimony as to the other two was inadmissible hearsay.

Nevertheless, the erroneous admission of hearsay evidence does not require reversal where the evidence is cumulative of other legally admissible evidence and therefore harmless. *Smith v. Stacey*, 281 Ga. 601, 601-602 (1) (642 SE2d 28) (2007); *Mikell v. State*, 281 Ga. App. 739, 746 (637 SE2d 142) (2006). The two witnesses who did not appear at Wyche's trial were both witnesses to the June 7 robbery. A third witness to that robbery did appear at trial and testified that she identified Wyche as the perpetrator from Sergeant Ray's photo lineup. She also identified Wyche at trial as the man who robbed the Lake City Discount Auto Parts store on June 7, 2000. Under these circumstances, we find that Sergeant Ray's hearsay testimony regarding the absent witnesses was merely cumulative of the legally admissible evidence provided by the third witness, and thus was harmless error. See *Mikell v. State*, 281 Ga. App. at 746; *Dillard v. State*, 272 Ga. App. 523, 526 (3) (612 SE2d 804) (2005); *Lyons v. State*, 266 Ga. App. 89, 90 (3) (596 SE2d 226) (2004).

3. Wyche also argues that the trial court erred in sentencing him as a recidivist because the state "used up" his prior felony conviction in proving the charge of possession of a firearm by a convicted felon under Count 3 of the indictment.[2] In support of that charge, the state presented evidence that Wyche had previously pled nolo contendere in Florida to a charge of robbery with a deadly weapon. The state then relied upon the same prior conviction to seek recidivist sentencing, and the trial court sentenced Wyche to life without parole on the armed robbery count under OCGA § 17-10-7 (b) (2).

Wyche is correct that the same prior conviction cannot be used to support both Wyche's recidivist sentencing and his conviction of possession of a firearm by a convicted felon. *Allen v. State*, 268 Ga. App. 519, 534 (6) (602 SE2d 250) (2004); *King v. State*, 169 Ga. App. 444, 445 (313 SE2d 144) (1984). Moreover, as the state concedes, a nolo contendere plea cannot serve as proof of a prior conviction for a

---

[2] Although Wyche's counsel failed to object to this sentence at trial, such an omission does not prevent our considering this issue on appeal. See *Allen v. State*, 268 Ga. App. at 534 (6).

charge of possession of a firearm by a convicted felon. *Blackmon v. State*, 266 Ga. App. 877, 879 (598 SE2d 542) (2004). Accordingly, Wyche's conviction for possession of a firearm under Count 3 must be reversed. Id.

In light of this reversal, the state argues that Wyche's prior Florida conviction is now available to support Wyche's recidivist sentence. This Court previously has held that once the state elects to aver a prior felony conviction in an indictment alleging possession of a firearm by a convicted felon, the averred offense cannot be considered in enhancement of punishment. *State v. Freeman*, 198 Ga. App. 553, 555 (2) (402 SE2d 529) (1991). The state must elect, therefore, whether it intends to use such evidence to support a conviction for a possession charge or for recidivist sentencing. Id. at 555-556 (2); *Allen v. State*, 268 Ga. App. at 534 (6). The state does not necessarily have to make this election prior to trial, however. In *Caver v. State*, 215 Ga. App. 711, 713 (4) (452 SE2d 515) (1994), this Court upheld a recidivist sentence, where the state had alleged the same underlying prior felony conviction to support both that sentence and a charge of possession of a firearm by a convicted felon. But in that case, the state chose to nolle prosse the possession charge after obtaining a shoplifting conviction in the first part of the defendant's bifurcated trial. *Caver* held this "procedural maneuver . . . by the [s]tate was consistent with the restriction set forth in *Freeman*." Id.

Here, although the state never made this election, the election requirement is merely intended to avoid a situation in which a defendant receives both a conviction of possession of a firearm and enhanced sentencing based upon the same underlying offense. Our reversal of Wyche's conviction for possession of a firearm by a convicted felon means that the prior offense is no longer being used to support the possession conviction, and therefore it remains available to support Wyche's enhanced sentencing under the recidivist statute. See *Walker v. Hale*, 283 Ga. 131 (657 SE2d 227) (2008). Accordingly, we find no error.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED APRIL 14, 2008 ▮▮▮▮▮▮▮▮▮▮

*Virginia W. Tinkler*, for appellant.

*David McDade, District Attorney, William H. McClain, James A. Dooley, Assistant District Attorneys*, for appellee.